KANSAS CITY, Respondent, v. F. A. DICKEY, Appellant..

**Kansas City Court of Appeals, November 7, 1898.**

**Municipal Corporations:** VIOLATION OF ORDINANCE: SEVERAL AC-
TIONS: MANAGER OF CORPORATION. An action for the enforcement of
a city ordinance is a civil action, and the managing officer of a cor-
poration can not be held in such action for the misconduct of a sub-
ordinate servant unless consenting thereto.

*Appeal from the Jackson Criminal Court.*—HON. J. W.
WOFFORD, Judge.

REVERSED AND REMANDED.

FRANCIS M. HAYWARD for appellant.

If the rule of a civil case obtains, the court erred,
for the corporation and driver, not the manager,
would be liable for the act of the driver. Brown v.
Lent, 20 Vt. 529; Story on Agency, sec. 313; Am. and
Eng. Ency. of Law [2d Ed.], p. 981; Hilton v. New-
man, 6 Mo. App. 304; Balle v. Catrn, 37 Mich. 199.
(2) The court erred in refusing instruction number
3 asked by defendant. Kansas City v. Neal, 122 Mo.
332.

C. E. BURNHAM for respondent.

The defendant was liable in this case. He was the
manager in charge of the milk depot, hired the men,
collected for the milk sold, etc. The driver, McClure,
did not sell the milk, he merely delivered it to the
customer already secured by the defendant who collected
the money therefor. The foreman, Davis, did not sell
it; he simply set out the cans of milk from the cooler
for the various drivers.

GILL, J.—Defendant was prosecuted for selling skimmed or adulterated milk contrary to an ordinance of Kansas City. The case originated in the police court; was appealed to the criminal court, where defendant was fined $10, and the cause is brought here by his appeal.

It seems that the milk was the property of a corporation of which defendant was manager; that Davis was foreman in charge of handling the milk, and that the same was sold and delivered by one McClure, a driver of the milk wagon. Defendant's evidence tended to prove that he instructed the foreman and driver to sell and distribute milk only as directed by the city ordinance, and that he (the defendant) had no knowledge that such agents or servants did otherwise. There was evidence on the part of the plaintiff that the milk sold and delivered by McClure was not of the purity and grade required by the ordinance, and on the other hand defendant's testimony tended to prove that the milk was of the requisite grade.

The court refused to give the following instruction requested by defendant:

"The court declares the law to be that if it appears from the evidence that the milk in question contained less than three per cent of fat, and was sold and delivered by the driver of the Dickey Dairy Company, a corporation of which defendant is manager, and in the absence of defendant and contrary to the instructions of defendant, the defendant is not guilty and the judgment must be for the defendant."

The court's action in this respect constitutes the principal matter complained of, and was clearly an error prejudicial to defendant. This action, for the enforcement of a city ordinance, is a civil action; and in such cases it is well settled that the superior or

managing officer of a corporation can not be held for the misconduct of a subordinate servant or employee unless said act is done by the consent or under the order or direction of such managing agent. Story on Agency, sec. 313.

Judgment reversed and cause remanded. All concur.