the result of the fire equalled or exceeded the face amount of the policy issued by defendant. In our opinion plaintiff's loss ($17,821.39) should be apportioned upon the ratio that the face amount of defendant's policy ($375,000) and the maximum liability for one loss ($50,000) under the policy held by plaintiff bears to the total amount thereof ($425,000). Thus computed, defendant's liability is $15,724.75. Accordingly, the judgment appealed from is modified so as to increase plaintiff's recovery to $15,724.75, together with interest and costs to the plaintiff; and, as so modified, the judgment is otherwise affirmed. Settle order. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ JACOB ASCHKENASY, Appellant, v. LONG ISLAND RAIL ROAD COMPANY, Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ In the Matter of JOHN W. O'NEILL et al., Appellants, against JOSEPH SCHECHTER et al., Constituting the Civil Service Commission of the City of New York, Respondents.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD CANFORA, alias FRANK PENZY, alias JAMES RAYMONDI, Appellant.— Order unanimously affirmed. No opinion. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ FERMETAL STEEL CORP., Respondent, v. ERIC H. HECKETT, Appellant, et al., Defendants.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to dismiss the second cause of action granted, with $10 costs, with leave to plaintiff to serve an amended complaint. It has been held in several decisions by intermediate appellate courts "that if an officer of a corporation, acting on behalf of the corporation and within the scope of his authority, induces the corporation to break a contract it has with a third party, the corporate officer is not personally liable unless his activity involves individual separate tortious acts". (Rampell, Inc., v. Hyster Co., 3 N Y 2d 369, 378 and cases therein cited.) (See, also, Matter of Brookside Mills [Raybrook Textile Corp.], 276 App. Div. 357, 367, and Potter v. Minskoff, 2 A D 2d 513, affd. 4 N Y 2d 695.) The second cause of action set forth in the complaint when examined in the light of these decisions is legally insufficient. The allegations thereof, insofar as they relate to appellant, are so ambiguously worded that it is impossible to determine whether the acts alleged to have been committed by appellant were tortious in nature or motivated for personal gain or were legitimate decisions made and steps taken by appellant as a corporate officer that resulted in the alleged breach of the contract. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ FERMETAL STEEL CORP., Respondent, v. TATA, INC., et al., Appellants, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ IRWIN M. BERNER, as Trustee in Bankruptcy of J. MACKEY & SON, INC., Bankrupt, Respondent, v. SOL O. SCHLESINGER, Doing Business as IDEAL UNIFORM CAP CO., Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Rabin, J. P., M. M. Frank, McNally, Stevens and Bastow, JJ.

■ NATIONAL TELEFILM ASSOCIATES, INC., Respondent, v. UNITED ARTISTS CORPORATION et al., Appellants, et al., Defendants, and UNITED ARTISTS ASSO-