### TEDROW *v.* DESKIN ET AL.

[No. 343, September Term, 1971.]

*Decided May 17, 1972.*

*Motion for rehearing filed June 13, 1972; denied June 28, 1972.*

The cause was submitted on briefs to HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY, SMITH and DIGGES, JJ.

Submitted by Robert D. Tedrow, Jr., in proper person.

Submitted by *Samuel Gordon* and *Gordon & Perlis,* for appellees.

MCWILLIAMS, J., delivered the opinion of the Court.

This is the second visit of the appellant (Tedrow) to this Court. The first was dealt with in *Tedrow v. Ford Motor Co.,* 260 Md. 142 (1970). He continues to appear *pro se* and, it will be seen, he is making heavy weather of it. The assistance of counsel might well have provided him with calmer seas and, if not a prosperous voyage, surely a less expensive one. The statement of facts will be meagre simply because Tedrow has not succeeded in getting much beyond his declaration.

Tedrow is a Washington real estate broker who guardedly admits he is over 21 years of age. He has alleged that on 20 May 1966 he bought a 1964 Ford Thunderbird from Tom and Martin Ford, Inc., for which he paid $2,500. He alleged also that although the odometer showed 27,939 miles the vehicle had actually traveled 58,342 miles and that the lower reading was falsely and fraudulently represented to him to be the true mileage.

On 19 May 1969 Tedrow filed his declaration in the Circuit Court for Montgomery County against Bradford and Deskin, described as the principal owners and stockholders of Tom and Martin Ford, Inc., Harding and Wolf its employees, Collum, Van Veen, Shelton Motors, Inc. (Shelton), and Ford Motor Company. Deskin, Bradford, Wolf, Harding and Shelton filed the ex delicto and the ex contractu general issue pleas and thereafter, on the same day, they filed a motion for summary judgment, stating as grounds therefor:

"1. That the Plaintiff has no valid claim.

"2. That there is no genuine dispute between the parties as to any material fact, and the Plaintiff [sic] is entitled to judgment as a matter of law.

"3. That the contract involved here * * * was between the Plaintiff and Tom & Martin Ford, Inc., a corporation, and not between the Plaintiff and the individual defendants Martin Deskin, Thomas M. Bradford, Samuel Wolf and Samuel Harding, Jr."

4. [Other reasons not now relevant.]

The motion was not supported by an affidavit nor was Tedrow's opposition to it. On 3 April 1970 the trial judge, Miller J., entered a summary judgment in favor of Ford Motor Company, stating reasons therefor, and in favor of Deskin, Bradford, Wolf and Harding without stating any reason therefor. On 9 April judgment for costs was entered. Collum, Van Veen and Shelton were left in the case. Tedrow timely filed his appeal to this Court.

We dismissed his appeal, *Tedrow, supra,* because Judge Miller failed to make the "expressed determination that there * * * [was] no just reason for delay" required by Maryland Rule 605 a. Also we entered judgment for costs in favor of Ford Motor Company.

The record does not reveal precisely what happened

upon remand. There are only the docket entries, which follow:

"March 19, 1971    Hearing to conform judgment to Court of Appeal's decision before Judge Miller, Mr. Whitman reporting.

"March 19, 1971    Court directs final judgment in favor of Ford Motor Company, Martin Deskin, Thomas M. Bradford, Samuel Wolf and Samuel Harding, Jr.

"March 19, 1971    Court enters final judgment in favor of Ford Motor Company as Summary Judgment.

"March 19, 1971    Court enters judgment against plaintiff in favor of Ford Motor Company for costs.

"March 19, 1971    Judgment in favor of the Defendant, Ford Motor Company, for costs."

We do not understand the purport of the entries in respect of the judgments in favor of Ford Motor Company but we shall treat them as surplusage because that judgment was entered in this Court, making any further action unnecessary. Rule 875. One thing is clear, however; i.e., there is nothing in these docket entries indicating that Judge Miller made the "expressed determination" required by Rule 605 a, which, of course, is the reason we dismissed the appeal and remanded the case. Since the claims against Collum, Van Veen and Shelton remained unadjudicated it surely follows that the "final" judgments of 19 March 1971 in favor of Deskin, Bradford, Wolf and Harding were no more final and appealable than were the judgments of 9 April 1970.

After the entry of the judgments in March 1971 Ted-

row seems to have contented himself with quiet estivation. He was aroused in November by a notice from the assignment office that his case had been set for trial on 24 November, on which day he caused the case to be "dismissed without prejudice" as to Collum, Van Veen and Shelton. We shall assume, without deciding, that the 30 day period within which an appeal to this Court must have been taken began to run on that date, since there were no longer any unadjudicated claims left in the case. On 14 December, well within the time allowed, he filed this appeal.

The appellees have responded only with a motion to dismiss on the ground that the appeal was not filed within 30 days from 19 March. Obviously the motion must be denied.

Tedrow argues here, as he argued in *Tedrow,* that the summary judgment was granted erroneously and there seems to be something in what he says. Judge Miller did not say, either in April 1970 or in March 1971, why he granted the motion for summary judgment in favor of the appellees. We shall assume, since it seems likely, that he thought the individual defendants could not be held responsible for the acts of the corporation, Tom and Martin Ford, Inc. The cases suggest that the law may be somewhat different.

The general rule is that corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body. *Fletcher v. Western Nat. Life Ins. Co.,* 10 Cal. App. 3d 376, 89 Cal. Rptr. 78 (1970) ; *Miller v. Simon,* 100 Ill. App. 2d 6, 241 N.E.2d 697 (1968) ; *Pacific & Atlantic Shippers, Inc. v. Schier,* 258 A. 2d 351 (N. H. 1969) ; *Mc-Glynn v. Schultz,* 95 N. J. Super. 412, 231 A. 2d 386 (1967) ; *Faulk v. Milton,* 25 App. Div. 2d 314, 268 N.Y.S.2d 844 (1966) ; 3 *Fletcher Cyclopedia Corporations* § 1135 (rev. vol. 1965). Of course, participation in the tort is essential to liability. If the officer takes no part in the commission of the tort committed by the corporation,

he is not personally liable therefor unless he specifically directed the particular act to be done, or participated or cooperated therein. *Fletcher v. Havre de Grace Fireworks Co.*, 229 Md. 196 (1962) ; *Levi v. Schwartz,* 201 Md. 575, 583 (1953) ; *Buck v. Clauson's Inn at Coonamessett, Inc.,* 349 Mass. 612, 211 N.E.2d 349 (1965) ; *Martin v. Wood,* 400 F. 2d 310 (3d Cir. 1968) ; 3 *Fletcher Cyclopedia Corporations* § 1137 (rev. vol. 1965). It would seem, therefore, that an officer or director is not liable for torts of which he has no knowledge, or to which he has not consented. *Martin v. Wood, supra.* Thus, e.g., to make an officer of a corporation liable for the negligence of the corporation there must have been upon his part such a breach of duty as contributed to, or helped to bring about, the injury; he must have been a participant in the wrongful act. *United States Liability Ins. Co. v. Haidinger-Hayes, Inc.,* 83 Cal. Rptr. 418, 463 P. 2d 770 (1970) ; *Sensale v. Applikon Dyeing & Printing Corp.,* 12 N. J. Super. 171, 79 A. 2d 316 (1951).

The superior or managing officer of a corporation cannot be held liable for the misconduct of a subordinate servant or employee unless the act is done with his consent or under his order or direction. *Kansas City v. Dickey,* 76 Mo. App. 437. 3 *Fletcher Cyclopedia Corporations* § 1137 (rev. vol. 1965). But liability is not limited to tortious acts which he actually and physically commits; it extends as well to tortious acts which he actually brings about. *Fletcher, supra.*

Tedrow has alleged that Bradford, Deskin, Wolf and Harding sold the car to him "with express or implied knowledge" in respect of the actual mileage and that they "conspired with each other to alter the correct mileage and misrepresented same to be less than it actually was on the odometer, intending thereby to defraud" him. He alleged also that he "has continually expended large sums of money for repairs." In the circumstances it seems not to matter whether there exists a dispute as to a material fact.

Whether, at trial, Tedrow will be able to provide the probata for the allegata is quite another matter. Nonetheless, we think he is entitled to have a go at it. The motion to dismiss will be denied and the case will be remanded.

> *Motion to dismiss denied.*
> *Judgments in favor of appellees for costs reversed.*
> *Case remanded for further proceedings.*
> *Costs of this appeal to be paid by appellees.*