In re Thomas W. PONTIER and Angela Dawn Pontier, Debtors.

Mary D. HEMELT, et al., Plaintiffs,

v.

Thomas W. PONTIER, Defendant.

Bankruptcy No. 91–5–4084–JS.
Adv. No. 91–5365–JS.

United States Bankruptcy Court,
D. Maryland.

Feb. 28, 1994.

Curtis Coon, Baltimore, MD, for plaintiffs.

Paul Nussbaum and Robert F. Carney, Whiteford, Taylor & Preston, Baltimore, MD, for defendant.

*MEMORANDUM OPINION DENYING DEBTOR'S MOTION TO DISMISS COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED*

JAMES F. SCHNEIDER, Bankruptcy Judge.

The debtor filed a motion to dismiss the instant complaint to determine dischargeability of debt for failure to state a claim for which relief can be granted, pursuant to F.R.Civ.P. 12(b)(6) and Bankruptcy Rule 7012. The motion to dismiss will be denied.

*FINDINGS OF FACT*

1. The debtor and his wife filed a joint voluntary Chapter 7 bankruptcy petition in this Court on June 21, 1991.

2. In the Statement of Financial Affairs for Debtor Not Engaged in Business filed with the petition, Mr. Pontier indicated that he is a self-employed carpenter, but that he had been employed during the preceding six years by Pontier Construction Co., a family business, of which he owned 30% of the stock.

3. The plaintiffs, Mary D. Hemelt and Mary Ellen Mackert, were listed by the debtors in their schedules as holding an unsecured claim against the bankruptcy estate in the amount of $150,000. Schedule A–3.

4. On September 23, 1991, the plaintiffs filed the instant complaint against Mr. Pontier to determine his debt to them to be nondischargeable, pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4) and (a)(6).[1]

5. The complaint alleged that the plaintiffs contracted with Pontier Construction Co. to build them a home for an agreed price of $233,570 by a contract dated October 29, 1988; that the debtor was the president and sole stockholder of the company, and controlled all revenues and expenses of Pontier Construction Co. from approximately October, 1988 until 1989; that Faucon Builders, Inc. was the name under which Pontier Construction Co. did business thereafter and that Mr. Pontier handled and controlled the funds received and disbursed by Pontier Construction Co. and Faucon Builders, Inc. from March to November, 1989; that on August 15, 1990, Mr. Pontier and his brother, Edward Pontier, misrepresented to the plaintiffs that work on the house was substantially completed, and that based upon this misrepresentation, the plaintiffs made a "final payment" to the debtor's company in the amount of $47,865.25; that, in fact, subcontractors and suppliers had not been paid and the house was less than 60% complete when the "final payment" was made; that as a result of the debtor's misrepresentation, the plaintiffs were required to expend some $150,000 to complete the construction and satisfy mechanics' liens.

6. The debtor moved to dismiss the complaint on the grounds that (1) the debtor is not personally liable for alleged violations of the Maryland Construction Trust Fund Statute and the Maryland Custom House Protection Act for violation of fiduciary duties because no express trust was created by the statutes, pursuant to 11 U.S.C. § 523(a)(4); (2) the complaint alleged no facts to establish that the debtor had wrongfully and maliciously injured the plaintiffs, pursuant to 11 U.S.C. § 523(a)(6); and (3) the complaint failed to allege facts to show that the debtor had obtained money or property by actual fraud.

*CONCLUSIONS OF LAW*

1. When ruling upon a motion to dismiss a complaint for failure to state a claim for which relief can be granted pursuant to Federal Rule 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. A motion to dismiss for failure to state a claim should

---

**1.** The complaint also alleged breaches of fiduciary duties codified in the Md. Real Property Code, §§ 9–201 *et seq.* and 10–501 *et seq.,* respectively known as the "Maryland Construction Trust Fund Statute" and the "Maryland Custom Home Protection Act."

only be granted where it appears to be impossible for the plaintiff to allege any facts sufficient for relief to be granted. *Caldwell v. City of Elwood,* 959 F.2d 670 (7th Cir. 1992); *Schrob v. Catterson,* 948 F.2d 1402 (3rd Cir.1991); *Bane v. Ferguson,* 890 F.2d 11 (7th Cir.1989); *In re Collins,* 137 B.R. 754, 757 (Bankr.E.D.Ark.1992), citing *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) and *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). According to this standard, the motion to dismiss will be denied.

2. The instant complaint states a claim for which relief can be granted under the following three subsections of Section 523(a) of the Bankruptcy Code cited by the complaint:

§ 523. Exceptions to discharge.

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

.     .     .     .     .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

.     .     .     .     .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6) (1993).

3. A corporate officer, director or employee, while ordinarily not responsible for the contractual debts of a corporation, may nevertheless be held personally liable for his or her own fraudulent conduct committed on behalf of the corporation which causes injury to another. Stated differently, one whose actions taken in bad faith cause tortious injury to another is not insulated from personal liability merely because the malefactor was a corporate officer, director or employee acting within the scope of employment at the time of the commission of the fraud.

4. In the case of *Tedrow v. Deskin,* 265 Md. 546, 290 A.2d 799 (1972), the Court of Appeals of Maryland upheld the sufficiency of a complaint brought on grounds of fraudulent misrepresentation against corporate officers of an automobile dealership who allegedly turned back an odometer on a vehicle they sold to the plaintiff. The court stated the following proposition:

The general rule is that corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body. *Fletcher v. Western Nat. Life Ins. Co.,* 10 Cal.App.3d 376, 89 Cal. Rptr. 78 (1970); *Miller v. Simon,* 100 Ill. App.2d 6, 241 N.E.2d 697 (1968); *Pacific & Atlantic Shippers, Inc. v. Schier* [109 N.H. 551], 258 A.2d 351 (N.H.1969); *McGlynn v. Schultz,* 95 N.J.Super. 412, 231 A.2d 386 (1967); *Faulk v. Milton,* 25 App.Div.2d 314, 268 N.Y.S.2d 844 (1966); 3 *Fletcher Cyclopedia Corporations* § 1135 (rev. vol. 1965). Of course, participation in the tort is essential to liability. If the officer takes no part in the commission of the tort committed by the corporation, he is not personally liable therefor unless he specifically directed the particular act to be done, or participated or cooperated therein. *Fletcher v. Havre de Grace Fireworks Co.,* 229 Md. 196 [177 A.2d 908] (1962); *Levi v. Schwartz,* 201 Md. 575, 583 [95 A.2d 322] (1953); *Buck v. Clauson's Inn at Coonamessett, Inc.,* 349 Mass. 612, 211 N.E.2d 349 (1965); *Martin v. Wood,* 400 F.2d 310 (3d Cir.1968); 3 *Fletcher Cyclopedia Corporations* § 1137 (rev. vol. 1965). It would seem, therefore, that an officer or director is not liable for torts of which he has no knowledge, or to which he has not consented. *Martin v. Wood, supra.* Thus, e.g., to make an officer or corporation liable for the negligence of the corporation there must have been upon his part such a breach of duty as contributed to, or helped to bring about, the injury; he must have been a participant in the wrongful act.

*United States Liability Ins. Co. v. Haidinger–Hayes, Inc.* [1 Cal.3d 586], 83 Cal. Rptr. 418, 463 P.2d 770 (1970); *Sensale v. Applikon Dyeing & Printing Corp.,* 12 N.J.Super. 171, 79 A.2d 316 (1951).

The superior or managing officer of a corporation cannot be held liable for the misconduct of a subordinate servant or employee unless the act is done with his consent or under his order or direction. *Kansas City v. Dickey,* 76 Mo.App. 437. 3 *Fletcher Cyclopedia Corporations* § 1137 (rev. vol. 1965). But liability is not limited to tortious acts which he actually and physically commits; it extends as well to tortious acts which he actually brings about. *Fletcher, supra.*

265 Md. at 550–51, 290 A.2d 799.

5. The instant complaint seeks to hold the debtor liable for damages resulting from his alleged tortious conduct, rather than for a mere breach of contract. As the Maryland Court of Appeals stated in dicta in the case of *Bart Arconti & Sons v. Ames–Ennis, Inc.,* 275 Md. 295, 340 A.2d 225 (1975):

As an alternative ground for sustaining the decision below, appellee maintains that Bart and George [the corporate alter egos] should be held liable since they caused Arconti to breach its contracts with Ames–Ennis; thus, the latter relies upon a rule which seems to enjoy support in a number of other jurisdictions—that a corporate officer who tortiously causes his corporation to breach a contract is liable where his action is motivated by a desire for personal gain. This argument is misplaced here. First, the individual appellants were not sued in tort, but have been held liable for the contracts of the corporation. Moreover, such tort liability does not fasten where the officer is in good faith serving the corporation interests. *Zelinger v. Uvalde Rock Asphalt Company,* 316 F.2d 47 (10th Cir.1963); unless he exceeds his powers or authority as an officer or is guilty of fraud, *Southwestern States O. & G. Co. v. Sovereign Resources,* 365 S.W.2d 417 (Tex.1963); or his acts involve separate tortious conduct, *Fermetal Steel Corp. v. Heckett,* 6 App.Div.2d 781, 174 N.Y.S.2d 719 (1958); *see Md. Trust Co. v. Tulip*

*Realty, supra,* 220 Md. [399] at 414 [153 A.2d 275 (1959) ]; *cf. Ace Development Co. v. Harrison,* 196 Md. 357, 366–67, 76 A.2d 566 (1950). No showing of such grounds has been made here as would permit this theory of recovery to be invoked.

275 Md. at 312, 340 A.2d 225.

6. In holding a corporate officer liable for corporate violations of the Civil Rights Act in the case of *Tillman v. Wheaton–Haven Recreation Ass'n, Inc.,* 517 F.2d 1141 (4th Cir. 1975), the Fourth Circuit relied upon Maryland case law in delineating its rationale:

If a director does not personally participate in the corporation's tort, general corporation law does not subject him to liability simply by virtue of his office. *Fletcher v. Havre de Grace Fireworks Co.,* 229 Md. 196, 177 A.2d 908, 910 (1962) . . .

In contrast, a director who actually votes for the commission of a tort is personally liable, even though the wrongful act is performed in the name of the corporation. *Tedrow v. Deskin,* 265 Md. 546, 290 A.2d 799, 802 (1972); see 3 Fletcher, Cyclopedia of the Law of Private Corporations, §§ 1135, 1137 (Rev. ed. 1965). Proof that the director voluntarily and intentionally caused the corporation to act is sufficient to make him personally accountable . . . [citation omitted].

517 F.2d at 1144.

7. A number of courts have cited Section 343 of the Restatement of the Law of Agency Second (1957) for the proposition that "an agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, except where he is exercising a privilege of the principal, or a privilege held by him for the protection of the principal's interests, or where the principal owes no duty or less than the normal duty of care to the person harmed." *Id.; Columbia Briargate Co. v. First Nat'l Bank,* 713 F.2d 1052, 1055 (4th Cir.1983); *A & M Records, Inc. v. M.V.C. Distrib. Corp.,* 574 F.2d 312, 315 (6th Cir.1978).

8. The rule has been stated by the First Circuit Court of Appeals in the case of *Escude Cruz v. Ortho Pharmaceutical Corp.,*

619 F.2d 902 (1st Cir.1980), citing another decision of the Tenth Circuit:

> The general rule, and the rule in this circuit, is that an officer of a corporation "is liable for torts in which he personally participated, whether or not he was acting within the scope of his authority." *Lahr v. Adell Chemical Co.,* 300 F.2d 256, 260 (1st Cir.1962). What is required is some showing of direct personal involvement by the corporate officer in some decision or action which is causally related to plaintiff's injury. One of the more thorough statements of the general rule is provided by the Tenth Circuit:

>> It is the general rule that if an officer or agent of a corporation directs or participates actively in the commission of a tortious act or an act from which a tort necessarily follows or may reasonably be expected to follow, he is personally liable to a third person for injuries proximately resulting therefrom. But merely being an officer or agent of a corporation does not render one personally liable for a tortious act of the corporation. Specific direction or sanction of, or active participation or cooperation in, a positively wrongful act of commission or omission which operates to the injury or prejudice of the complaining party is necessary to generate individual liability in damages of an officer or agent of a corporation for the tort of the corporation.

> 619 F.2d at 907, citing *Lobato v. Pay Less Drug Stores, Inc.,* 261 F.2d 406, 408–09 (10th Cir.1958).

9. The instant complaint contained allegations of a material misrepresentation to the plaintiffs by the debtor which resulted in damages claimed to be $150,000. To be liable for these damages, the debtor need not have actually received $150,000. To the extent that his alleged misconduct caused willful and malicious injury to the plaintiffs, he may be liable for the amount of the plaintiffs' damages which he caused, and the fact that he personally received nothing is irrelevant. *Cf. Matter of Folliard,* 10 B.R. 875 (D.Md. 1981).

10. The Bankruptcy Code defines debt as "liability on a claim." 11 U.S.C. § 101(12). The debtor's liability on the claim in the instant case is independent of the corporation's liability on its contract with the plaintiffs. The debtor's liability is based solely upon principles of tort law, and therefore arises in addition to any claim for breach of contract the plaintiffs may have against the corporation.

11. In order for a debt to be determined to be nondischargeable for fraud, the misconduct which gave rise to the debt must have been committed with fraudulent intent and must amount to fraud in fact, and may not merely be a failure to pay money which is presumed to be fraudulent *per se* by statute. *Cf. Ferguson Trenching Co., Inc. v. Kiehne,* 329 Md. 169, 618 A.2d 735 (1993), (holding that mere failure to pay subcontractors was not conclusive proof of an intent to defraud so as to render corporate officer personally liable under the Maryland Construction Trust Statute).

12. This Court has previously decided that a violation of the Maryland Construction Trust Statute cannot be the sole basis for finding a debt to be nondischargeable for breach of fiduciary duty, *In re Carl Holmes,* 117 B.R. 848 (Bankr.D.Md.1990), holding that the trust relationship created by statute in favor of subcontractors was not an express trust sufficient to impose liability under Section 523(a)(4) for the failure to pay "trust funds." However, the mere reference in the instant complaint to the Maryland Construction Trust Statute did not render the complaint vulnerable to the motion to dismiss, where the complaint sets forth other independent bases for relief.

Because the instant complaint sufficiently sets forth facts supporting the various causes of action alleged against the debtor for nondischargeability of debt, the motion to dismiss will be denied.

SO ORDERED.