In re INNER CITY MANAGEMENT, INC., Debtor.

In re Michael Bogdan, Debtor.

Sean C. Logan, Chapter 7 Trustee, Plaintiff,

v.

Irvin L. Becker, Jr., Defendant.

Sean C. Logan, Chapter 7 Trustee, Plaintiff,

v.

Gilbert Kramer, et al., Defendants.

Sean C. Logan, Chapter 7 Trustee, Plaintiff,

v.

John Voyatzis, et al., Defendants.

Sean C. Logan, Chapter 7 Trustee, Plaintiff,

v.

Norman C. Anderson, et al., Defendants.

Sean C. Logan, Chapter 7 Trustee, Plaintiff,

v.

Nicholas Pistolas, et al., Defendants.

Bankruptcy Nos. 00–6–0731–JS, 00–6–0732–JS.

Adversary Nos. 02–5681–JS, 03–5069–JS to 03–5072–JS.

United States Bankruptcy Court, D. Maryland.

Oct. 7, 2003.

Lawrence J. Yumkas, Douglas B. Riley, Rosenberg, Prout, Funk & Greenberg, LLP, Baltimore, MD, Counsel for the Trustee, Sean C. Logan.

Sean C. Logan, Chapter 7 Trustee, Maryland First Financial Services Corp., Stephen L. Prevas, Prevas and Prevas, Baltimore, MD, Counsel for Gilbert Kramer and Statewide Title.

Howard A. Rubenstein, David B. Applefeld, Baltimore, MD, Counsel for Mortgage Services & Planning Southern Home Mortgage, Mortgage Bank of America All County Title, LLC, JKV Real Estate Services and Royal Land Title LLC.

Charles E. Iliff, Jr., Iliff & Meredith, Pasadena, MD, Counsel for Gilbert Kramer, Statewide Title Company, Inc. and First American Title Insurance Co.

John A. Roberts, Venable, Baetjer & Howard, LLP, Baltimore, MD, Counsel for Nicholas J. Pistolas, Fidelity National Title Insurance Co. and Security Title Guarantee Corporation of Baltimore.

John Fischel, Richard L. Costella, Miles & Stockbridge, Baltimore, MD, Counsel for Stewart Title and United General Title Company.

Irving E. Walker, Saul Ewing LLP, Baltimore, MD, Counsel for O'Conor, Piper & Flynn, ERA.

Brian C. Parker, Parker, Dumler & Kiely, LLP, Baltimore, MD, Counsel for Fidelity Title.

Martin S. Himeles, Karen Bell Eisenberg, Zuckerman Spaeder LLP, Baltimore, MD, Counsel for Nicholas J. Pistolas and All County Title.

Richard M. Kremen, Jodie E. Buchman, Piper Rudnick LLP, Baltimore, MD, Counsel for Chicago Title Insurance Company, Stewart Title Guaranty Company and First American Title Insurance Company.

Robert L. Ferguson, Jr., Ann D. Ware, James E. Crossan, Ferguson, Schetelich & Ballew, P.A., Baltimore, MD, Counsel for John K. Voyatzis and JKV Realty.

James C. Olson, Owings Mills, MD, Counsel for Crystal Lynn Bogdan.

Howard R. Greenberg, Baltimore, MD, Counsel for the debtors.

Edmund A. Goldberg, Office of the United States Trustee, Baltimore, MD, U.S. Trustee.

## *MEMORANDUM OPINION GRANTING DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINTS*

JAMES F. SCHNEIDER, Chief Judge.

These consolidated adversary proceedings are before this Court upon various motions to dismiss. The issue presented by the motions is whether the Chapter 7 trustee has standing to assert a fraud claim on behalf of the bankruptcy estate against third parties with whom the debtor was engaged in wrongdoing. For the reasons stated, the motions to dismiss will be granted.

### *FINDINGS OF FACT*

On August 25, 2000, the debtors, Michael Bogdan ("Bogdan") and Inner City Management ("Inner City") filed voluntary Chapter 7 bankruptcy petitions in this Court. Sean C. Logan was appointed Chapter 7 trustee. On June 25, 2002, the trustee filed a ten-count complaint against 46 defendants, including Fidelity National Title Insurance Company, JKV Real Estate Services, John K. Voyatzis, Statewide Title Company, American Title Insurance Company, Gilbert Kramer, First American Title Insurance, Reliance Insurance Co., Stewart Title Guaranty Co., Nicholas Pistolas, All County Title, Security Title Guarantee, and American Security Mortgage alleging breach of contract, fraud, civil conspiracy, and negligence. The defendants filed motions to dismiss on grounds, *inter alia*, that the trustee failed to plead fraud with particularity as to each named defendant and that the trustee lacked standing to pursue a claim on behalf of creditors of the estate.

At a hearing on November 19, 2002, this Court granted the motions to dismiss on the ground that the trustee could not join all of the defendants in one complaint based upon separate causes of action arising out of different facts. In so doing, the Court also held that the plaintiff had failed to allege fraud against each defendant with sufficient particularity. On November 25, 2002, this Court entered an order that dismissed the complaint with leave to file separate complaints against the various defendants within 60 days. Accordingly, on January 17, 2003, the trustee filed the instant complaints.

The five complaints alleged that Bogdan was sole shareholder and alter ego of Inner City. Beginning in 1997, Bogdan conspired with the defendants in an illegal "flipping scheme," obtaining loans to purchase real property in the city of Baltimore by submitting false and fraudulent documentation as part of their loan appli-

cations and selling the properties at inflated prices based upon false appraisals. These appraisals were used by the defendant mortgage brokers to justify the issuance of mortgages for amounts greatly in excess of the value of the properties. Settlement agents disbursed loan proceeds that allowed buyers to receive substantial kickbacks from the proceeds of the mortgage loan. This fraudulent and illegal conspiracy continued until Bogdan was charged in Federal district court with conspiracy to commit mail and wire fraud and with making false statements in violation of 18 U.S.C. § 371. On December 19, 2000, he entered a guilty plea to the charges.

## CONCLUSIONS OF LAW

### STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6), made applicable to these bankruptcy proceedings by Fed. R. Bankr.P. 7012(b), provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion...
>
> (6) failure to state a claim upon which relief can be granted.

*Id.*

The standard applicable to a motion to dismiss is well established. When ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded allegations in the complaint, including all reasonable inferences that may be drawn from them, in the light most favorable to the plaintiff. *Hemelt v. Pontier (In re Pontier)*, 165 B.R. 797, 798–99 (Bankr.D.Md.1994). "[A]

complaint should not be dismissed merely because the court doubts that the plaintiff will ultimately prevail; so long as a plaintiff colorably states facts which, if proven, would entitle him to relief, the motion to dismiss should not be granted." *Advanced Health–Care Services, Inc. v. Radford Community Hospital*, 910 F.2d 139, 145 n. 8 (4th Cir.1990); *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982).

## CONSTITUTIONAL REQUIREMENTS OF STANDING

 Article III of the Constitution confers upon the federal courts the judicial power to adjudicate cases or controversies. U.S. Const. art. III, § 2, cl. 1; *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *In re A.R. Baron & Co.*, 280 B.R. 794, 799 (Bankr. S.D.N.Y.2002). The Article III doctrine requires that a litigant have standing to invoke the power of a Federal court. *Allen*, 468 U.S. at 740, 104 S.Ct. at 3324; *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1091 (2d Cir.1995). In order to have standing, "[a] party must 'assert his own legal rights and interest, and cannot rest his claim to relief on the legal rights or interest of third parties.'" *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir.1991) (*quoting Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)). Unless the party has a "personal stake in the outcome of the controversy, the action does not meet the case or controversy requirement of the constitution." *Warth*, 422 U.S. at 498–99, 95 S.Ct. at 2205, 45 L.Ed.2d 343 (*quoting Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962)). Accordingly, a plaintiff must "[1] allege personal injury [2] fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the requested

relief." *In re Hirsch,* 72 F.3d at 1090 (*quoting Allen,* 468 U.S. at 751, 104 S.Ct. at 3324)(internal citations omitted).

## THE TRUSTEE'S LACK OF STANDING

■ "The trustee succeeds to the property of the debtor's estate," *Drabkin v. L & L Constr. Assoc., Inc. (In re Latin Investment Corp.),* 168 B.R. 1, 4 (Bankr. D.D.C.1993), "[which] includes all causes of action the debtor could have brought outside bankruptcy." *Id.* Thus, the bankruptcy trustee lacks standing to sue on behalf of the bankruptcy estate against nondebtor third parties unless the claims being sued on were those of the debtor. *Tese–Milner v. Beeler (In re Hampton Hotel Investors, L.P.),* 289 B.R. 563, 574 (Bankr.S.D.N.Y. 2003).

■ To have standing to pursue a claim against nondebtor third parties, the trustee must allege that the debtor was harmed in a manner that is distinct form the harm suffered by the estate's creditors. "[W]hen creditors have . . . a claim for injury that is particularized as to them, they are exclusively entitled to pursue that claim, and the bankruptcy trustee is precluded from doing so." *Hirsch,* 72 F.3d at 1093. "Where claims belong solely to the creditors and involve misconduct on the part of the debtor against creditors, *i.e.,* 'when a bankrupt corporation has joined with a third party in defrauding its creditors, the trustee cannot recover against the third party for the damage to the creditors.' " *Lippe v. Bairnco Corp.,* 218 B.R. 294, 301 (S.D.N.Y.1998), *quoting Wagoner,* 944 F.2d at 118.

■ The trustee also lacks standing under the doctrine of *in pari delicto,* according to which a debtor who was complicit in wrongdoing with third parties is precluded from pursuing a claim against a nondebtor third party. "[W]hen a [debtor] has joined with a third party in defrauding creditors, the trustee cannot recover against the third party for the damage to the creditors." *A.R. Baron,* 280 B.R. at 800; *Wagoner,* 944 F.2d at 118.

■ In the instant complaints for damages to creditors caused by the fraudulent conduct of the debtor and the entities under his control, the trustee lacks standing to sue the defendants for injuries they caused in concert with the debtor. The cause of action belongs exclusively to the injured creditors of the bankruptcy estate and not to the debtor's estate, because absent the bankruptcy case, the debtor had no standing to sue the defendants. Because the instant suit is not premised upon injury to the estate, the trustee is not the proper plaintiff to bring suit. *National City Bank of Minneapolis v. Lapides (In re Transcolor Corp.),* 296 B.R. 343, 367 (Bankr.D.Md.2003).

■ This result is not altered by the assignment to the trustee of specific claims against the debtors by various mortgage lenders and/or purchasers of mortgages who were injured by the debtors' fraudulent conduct. The trustee has no derivative standing to sue debtors based on the claims of individual creditors, whether by assignment or otherwise. To grant such standing not specifically authorized by the Bankruptcy Code would unlawfully expand the traditional powers of bankruptcy trustees and defeat the statutory scheme created by Congress.

This is a vastly different scenario from that presented in *Transcolor,* 296 B.R. 343, decided by this Court earlier this year. In *Transcolor,* the suit was brought by a

creditor against a debtor and its alter ego for damages the plaintiff sustained by reason of the fraud of the debtor and the alter ego. While the trustee acknowledged the plaintiff's standing to sue, (and implicitly her own lack thereof), the plaintiff agreed to share any recovery of damages with the debtor's estate.

In the instant complaints, the trustee had no standing in the first place and did not acquire standing by his acceptance of the injured creditors' assignments of claims.

WHEREFORE, the motions to dismiss will be GRANTED, based upon the trustee's lack of standing to bring and maintain the instant complaints.

ORDER ACCORDINGLY.

### ORDER DISMISSING COMPLAINTS WITH PREJUDICE

Based upon the memorandum opinion filed simultaneously herein, the defendants' motions to dismiss the instant complaints are hereby GRANTED, and the instant complaints are hereby DISMISSED WITH PREJUDICE.