Landis v. Sea Isle City Hotel Co.

CHARLES K. LANDIS, appellant,

v.

THE SEA ISLE CITY HOTEL COMPANY, CHARLES CLASS and MICHAEL J. KELLY, respondents.

CHARLES CLASS and MICHAEL J. KELLY, appellants,

v.

CHARLES K. LANDIS, respondent.

Under a bill filed by a stockholder and creditor of a company on behalf of himself and all other stockholders and creditors, praying that directors of the company may be made to respond to said company for losses sustained by it, by reason of their fraudulent conduct, a decree cannot be made for the sole benefit of the complainant.

On appeal from a decree in *Landis v. Sea Isle City Hotel Company et al.*, advised by Vice-Chancellor Pitney.

*Mr. Charles K. Landis, Jr.*, for the appellant.

*Mr. Samuel W. Beldon*, for the respondents.

The opinion of the court was delivered by

VAN SYCKEL, J.

These appeals were argued together.

The bill filed by Charles K. Landis, as a creditor and stockholder of the Sea Isle City Hotel Company, on behalf of himself and all other creditors and stockholders, prays that Charles Class and Michael J. Kelly, who are directors of said company, may be decreed to pay over to the said company all money and property fraudulently held by them under the allegations in the bill, and to pay to the company an amount that will compensate

Landis v. Sea Isle City Hotel Co.

said company for the losses sustained by the company and its stockholders by the wrongful acts of the said defendants.

The decree below refuses relief to the creditors, but decrees that two of the defendants, Class and Kelly, shall pay to Charles K. Landis, as a stockholder of said company, the sum of $500.

Class and Kelly have appealed from the decree against them and in favor of Landis, and Landis has appealed from the decree in so far as it refuses relief to the creditors.

The decree is not in accordance with the prayer of the bill, and cannot be maintained.

If there is any evidence to support a decree in accordance with the prayer of the bill, which is at least doubtful, it ought to be that the money which the company lost by the fraud or actionable misconduct of the board of directors or some of them, should be paid to the company for the benefit of all creditors and stockholders.

Landis was not entitled to a decree appropriating the amount recovered exclusively to him.

One complaint is that the directors did not take a valid title for the lots purchased for the erection of the hotel, but they took possession and built upon the lots, and thereby acquired an equitable title as against all subsequent claimants. The company, therefore, was not injured in that respect.

The decree, so far as appealed from by Class and Kelly, should be reversed, and so far as it is appealed from by Landis, should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SMITH, TALMAN—12.

*For reversal*—None.