## THE THOMPSON–HOUSTON ELECTRIC COMPANY v. THOMAS MURRAY.

1. This is an action of contract in which the plaintiff seeks to make the defendant, as a stockholder, liable for a debt of the company.
2. Such liability can exist only by force of a statute. Section 56 of the Corporation act (*Gen. Stat.*, p. 918) applies only to a false certificate given by "an officer of the company."
3. The certificate relied on to support this action is that which was filed in order to organize the company.
4. Such certificate is not the act of the defendant as "an officer" of the company, and will not support the action.

---

On demurrer to *narr.*

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and LIPPINCOTT.

For the plaintiff, *Freeman Woodbridge.*

For the defendant, *Willard P. Voorhees.*

The opinion of the court was delivered by

VAN SYCKEL, J. The first count of the plaintiff's declaration seeks to charge the defendant personally for a debt against the Thomas Murray Company, on the ground that the certificate of incorporation made and filed by the defendant and other corporators was false in the following respects: That the company never had $100,000 worth of capital

stock; that it did not commence business with $1,100 of capital, and that neither the defendant nor any of the alleged stockholders ever paid any legal consideration for the stock alleged to have been held by them, but that the whole scheme was fraudulent and an attempt to defraud creditors.

The plaintiff's remedy as a creditor is in equity to charge the defendant for unpaid subscriptions to the capital stock. The proceeding is under the fifth section of the act concerning corporations (*Rev., p.* 178), which requires the creditor to exhaust his remedy against the corporation by judgment, execution and a return of *nulla bona* before he can maintain his bill in equity. *Wetherbee* v. *Baker,* 8 *Stew. Eq.* 501.

The case of *Hood, Receiver,* v. *McNaughton,* 25 *Vroom* 425, was an action by the receiver of an insolvent corporation against a stockholder who had not paid his stock subscription, to recover the unpaid subscription after the Court of Chancery had directed the receiver to collect the same by suit at law. At common law, the stockholder was liable to pay for his subscription when it was necessary to discharge the debts of the company, but it was a liability to the company or its legal representative. No right of action existed at common law in the creditor to maintain such action at law for his own benefit.

The capital stock paid in and that which remained unpaid is regarded as a trust fund pledged for the payment of the debts of the corporation, and it is to be administered by the corporation itself or by its receiver in its behalf.

It is obvious that, in any proceeding to enforce the liability of delinquent stockholders, under the fifth section of the Corporation act, for their unpaid subscriptions, all the assets of the corporation, as well as its indebtedness, must be taken into account, for until they are ascertained, neither the amount of money requisite to discharge the claims of creditors nor the percentage to be paid by each stockholder can be known, and to such suit the corporation must be a party. All creditors are entitled to participate ratably in the common fund, which is a trust fund for the benefit of the creditors as

a class, and the suit must be prosecuted in behalf of all creditors.

A judgment creditor cannot proceed, by force of the statute, to require stockholders to pay in their unpaid installments for stock by a bill filed for himself alone; the proceeding must be by a general creditors' bill.

The attempt of a creditor to obtain relief by a bill filed in his own behalf proved to be abortive in *Bickley* v. *Schlag*, 1 *Dick. Ch. Rep.* 533.

The Court of Errors and Appeals, in that case, declared that it would violate the fundamental principles of equity to permit a few creditors to absorb the assets of the company when such assets are a trust fund belonging equally to all persons to whom the body corporate is indebted.

At common law, there is no known method by which a creditor, by superior diligence, can succeed in appropriating to his own use a fund in which all creditors have a common interest.

In *Salt Lake City National Bank* v. *Hendrickson*, decided in this court and reported in 11 *Vroom* 52, it was held that the personal liability of the officers and stockholders of a corporation for a debt contracted by the corporation, is inconsistent with the idea of a body corporate at common law, and can arise only out of some statutory provision.

The right of action set forth in the first count of the plaintiff's declaration can have no stable foundation to support it unless it can be shown that it is authorized by some provision of positive law.

The only statute that has any apparent relation to the situation of affairs here presented is the fifty-sixth section of the Corporation act (*Gen. Stat.*, p. 918), which is as follows: " If any certificate made or any public notice given by the officers of any company, in pursuance of the provisions of this act, shall be false in any material representation, all the officers who shall have signed the same shall be jointly and severally liable for all the debts of the company contracted while they were stockholders or officers thereof."

This section makes officers of the company who give a false certificate, chargeable with the debts of the company. There is no allegation in the count demurred to which brings the defendant within the description of "an officer" who has made a false certificate.

The certificate relied on is that which was filed in order to organize the corporation. That was not an official act; it brought the corporation into being, with power to elect officers to conduct its business. No official act could be done until there was an officer to perform it. The fifty-sixth section applies only to officers who make a false certificate, and imposes no liability upon the defendant in the situation disclosed by the declaration. The case of *Waters* v. *Quimby*, 3 *Dutcher* 296, is not pertinent. That case rested upon the allegation in the declaration that the defendants, who were officers of the company, made an untrue statement of matters required to be set forth by them under sections 19 and 20 of the "Act concerning manufactures" (*Nix. Dig.*, *p.* 458), and that they were thereby brought within the provisions of the twenty-first and thirtieth sections of the same act.

Sections 19, 20 and 21 of the "Act concerning manufactures," in *Nixon's Digest*, are now sections 272, 273 and 32 of the Corporation act (*General Statutes*), and section 30 in *Nixon's Digest* is section 56 in the Corporation act in the *General Statutes.*

There is no allegation that the defendant has incurred any liability under the statutory provisions on which the case of Waters *v.* Quimby was based.

The demurrant should have judgment.