## EDWARD BENJAMIN v. SANFORD M. LAFFRAY.

Submitted December 3, 1909—Decided March 4, 1910.

In an action against the president of a corporation organized under the General Corporation act (*Pamph. L.* 1896, *p.* 277) to recover from such president personally a debt of the corporation upon the theory that he had failed to make a certificate stating the amount of capital stock paid in as required by section 25, and was therefore liable because of such default after request under section 26, or upon the theory that as such president he had made such a certificate which was false in a material representation and was therefore liable under section 52 of that act, a motion to strike out notices of proposed defence will be denied when the defence thus set up is (1) that, before the supposed cause of action arose, the corporation being insolvent, the Court of Chancery of New Jersey had restrained it and its officers from transacting any business or exercising any of its privileges or franchises and had appointed a receiver thereof with full power to take into possession its books and property of every description, and (2) that, before the supposed cause of action arose, the corporation being insolvent, the United States courts had adjudged it a bankrupt, had restrained it and its officers from transacting any business or exercising any of its privileges or franchises and had appointed a trustee therefor, of which the plaintiff had full knowledge.

On motion to strike out notices of special matter annexed to plea.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the motion, *Frank Benjamin.*

*Contra, Robert J. McDermott.*

The opinion of the court was delivered by

TRENCHARD, J.   Edward Benjamin brought suit against Sanford M. Laffray to recover from him personally a debt alleged to be due Benjamin from a New Jersey corporation.

In his brief counsel for the plaintiff insists that the suit is brought against Laffray upon the theory that, as president

of such corporation, he had failed to make and file a certificate stating the amount of the capital stock paid in as required by section 25 of the General Corporation act (*Pamph. L.* 1896, *p.* 284), and was therefore liable under section 26 of the act.

Laffray, the defendant, pleaded general issue and annexed to such plea notices of special matter to be offered in defence to the effect (1) that before the supposed cause of action had accrued, if any did accrue, the corporation of which the defendant was president became insolvent, suspended its ordinary business and the Court of Chancery of New Jersey had restrained it and its officers from transacting any of its business or exercising any of its privileges or franchises, and had appointed a receiver thereof with full power to take into possession its books and property of every description, and (2) that, before the supposed cause of action had accrued, if any did accrue, the corporation, being insolvent and having suspended its ordinary business, had been declared and adjudged a bankrupt by the District Court of the United States for the Southern District of New York, and that that court had appointed a trustee for it and had restrained it and its officers from transacting any of its business or exercising any of its privileges and franchises, of which the plaintiff had full knowledge.

These notices we are now asked to strike out as not constituting a defence to the action. This we think we ought not to do.

The defendant's liability can exist only by force of a statute. *Thompson-Houston Electric Co.* v. *Murray,* 31 *Vroom* 20.

As stated, the plaintiff in his argument rests his cause of action upon sections 25 and 26 of the General Corporation act. These sections are as follows:

"25. The president and secretary, or treasurer, upon payment of each installment of capital stock, and of every increase thereof, shall make a certificate, stating the amount of the capital so paid, and whether paid in cash or by purchase of property, stating also the total amount of capital

stock, if any, previously paid and reported; which certificate shall be signed and sworn to by the president and secretary or treasurer, and they shall, within ten days after such payment, cause the certificate to be filed in the office of the secretary of state.

"26. If any of said officers shall neglect or refuse to perform the duties required of them in the preceding section for thirty days after written request so to do by a creditor or stockholder of the corporation, they shall be jointly and severally liable for all its debts contracted before the filing of such certificate."

Under these sections, the plaintiff's cause of action, if any, arose from the defendant's failure to make, swear to and file the certificate within thirty days after being requested in writing so to do. If for any reason the defendant was legally relieved of this statutory duty before it arose, no liability attaches to him.

We are of the opinion that the defence proposed under the notices in this case, if made out, would relieve the defendant from such statutory duty.

Under a cognate statute in New York the Court of Appeals in *Huguenot National Bank of New Paltz* v. *Studwell,* 74 *N. Y.* 621, held that, on the appointment of a receiver of a manufacturing company, the corporation was so far dissolved that thereafter the duty was no longer upon the trustees to make the annual report. There the receiver was appointed during and before the expiration of the twenty days named in the statute. And, again, in *Bonnell* v. *Griswold,* 80 *N. Y.* 128, the company was adjudged a bankrupt in November, 1870; on January 3d, 1871, the entire property passed to the assignee in bankruptcy, and the company ceased its business. In an action against a trustee the court held that no report was necessary in 1871. So, in this case, if the defendant could show that, before the duty imposed by section 25 of the statute arose, the company being insolvent, a receiver was appointed by the Court of Chancery and it and its officers restrained from transacting any business, or if he could show that before such time, the company be-

ing insolvent, the United States courts had adjudged it a bankrupt, appointed a trustee therefor and restrained it and its officers from transacting any business, as proposed by the notice, the defendant would be relieved of liability under this section. The principle is that the obligation of the corporation and its officers to report as to its affairs ceases upon dissolution, for then the corporation is carrying on no business and is deprived of the means of carrying it on. *Bruce v. Platt, Id.* 379.

But an examination of the plaintiff's declaration seems to disclose that in fact the cause of action is therein rested upon section 52 of the General Corporation act. *Pamph. L.* 1896, *p.* 295. That section provides:

"52. If any certificate made, or any public notice given by the officers of any corporation, in pursuance of the provisions of this act, shall be false in any material representation, all the officers who shall have signed the same, knowing it to be false, shall be jointly and severally liable for all the debts of the corporation contracted while they were stockholders or officers thereof, as a penalty enforceable in the courts of this state only."

This section applies only to a false certificate given by "an officer of the corporation" (*Thompson-Houston Electric Co. v. Murray, supra*) knowing it to be false. As we have pointed out, the defence proposed is that, before the cause of action arose, the affairs of the corporation had passed into the hands of officers of the courts and the company and its officers had been restrained from transacting any of its business or exercising any of its privileges or franchises. Such matters of fact seem to set up a *prima facie* defence to an action under section 52. The notice to strike out is in the nature of a demurrer. *Camp v. Allen,* 7 *Hal.* 1. Whether the matter set up is true and susceptible of proof, or how effectively it may be encountered and repelled by other proof, we are not now to consider.

The motion to strike out will be denied, with costs.