95 N.J. Super. 412 (1967)
231 A.2d 386
ROGER H. McGLYNN, RECEIVER OF NEPTUNE CENTER ASSOCIATES, PLAINTIFF-RESPONDENT,
v.
MORTIMER L. SCHULTZ, ET AL., DEFENDANTS, AND DAVID H. JACKSON, ET AL., DEFENDANTS-APPELLANTS, AND JACK E. PORTIS, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1967.
Decided June 14, 1967.
*414 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Messrs. Pitney, Hardin & Kipp, attorneys for appellant David H. Jackson (Mr. S. Joseph Fortunato, of counsel).
Mr. Richard L. Amster argued the cause for appellant Gerald I. Lebau.
Mr. D.F. Moore Craig argued the cause for appellant Alexander C. Greyson (Messrs. Bracken & Walsh, attorneys).
Mr. Saul J. Zucker argued the cause for appellant Thomas H. Vaughn (Messrs. Kristeller, Zucker, Lowenstein & Cohen, attorneys).
Messrs. Waldor & Hochberg, attorneys for appellant Norman R. Berson (Mr. George S. Hochberg, of counsel).
Mr. Albert G. Besser argued the cause for respondent Roger H. McGlynn, receiver of Neptune Center Associates (Messrs. Hannoch, Weisman, Stern & Besser, attorneys; Mr. James J. Shrager, on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
Defendants David H. Jackson, Gerald I. Lebau, Alexander C. Greyson, Thomas H. Vaughn and Norman R. Berson appeal from a judgment in favor of plaintiff receiver, imposing liability against them individually in the amount of $388,900. The basis of liability was that they had, as directors of Office Buildings of America, Inc. (hereinafter *415 "O.B.A."), a corporation of New Jersey, ratified and acquiesced in the conversion by the corporation for its own uses and purposes of trust funds in the possession of the corporation belonging to the investors in Neptune Center Associates (hereinafter "N.C.A."), a limited partnership, of which plaintiff had been appointed receiver.
We affirm essentially for the reasons expressed by Judge Mintz in his opinion, reported in 90 N.J. Super. 505 (Ch. Div. 1966).
Defendants argue that the investors' funds were not trust funds; that Judge Mintz erroneously confused a conversion by the corporation with a conversion by these defendants, and that reliance by these defendants upon the advice of counsel precludes a finding of personal liability against them.
We agree with the conclusion reached by Judge Mintz (at page 516) that the "limited partners were not aware nor did they intend to make payments that were to be used by O.B.A. to meet the general obligations of that corporation. They intended to contribute toward a fund to be utilized for the specific purpose of purchasing Neptune City Shopping Center. Under these circumstances this fund was a trust fund and O.B.A. owed N.C.A. a fiduciary duty `on the equitable principle that once moneys have been received or allocated for a certain purpose such moneys become impressed with a definite trust to be disbursed for that purpose only.' National Surety Corp. v. Barth, 11 N.J. 506, 514 (1953)."
It is clear that these trust funds were diverted for general corporate purposes unrelated to the particular purpose for which they were being held and to which alone they were to be applied. Thus, they were converted to O.B.A. purposes, as Judge Mintz properly found. The pretrial order described the action as one "against corporation officers and directors for knowingly or negligently permitting and ratifying the illegal, wrongful dissipation of fiduciary funds, of which the corporation was the trustee; * * *." The finding by the trial court that the corporate trustee "converted" the trust funds to its own use was consistent with the above claim *416 of liability. The evidence supports the finding of such a conversion.
As we said in Sensale v. Applikon Dyeing & Printing Corp., 12 N.J. Super. 171 (App. Div. 1951):
"A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character, but a director or officer who commits the tort or who directs the tortious act to be done, or participates or cooperates therein, is liable to third persons injured thereby, even though liability may also attach to the corporation for tort." (at p. 175)
In brief, any officer or director who aids, instigates or assists in a conversion by his corporation becomes personally liable. 3 Fletcher Cyclopedia Corporations (perm ed. 1965), § 1140. See, too, 18 Am. Jur.2d, Conversion, § 127, p. 235 (1965). It does not matter that the conversion was for the benefit of the corporation and that the individual directors did not personally receive any of the misappropriated moneys. Hirsch v. Phily, 4 N.J. 408 (1950). There the Supreme Court said:
"* * * the officers of a corporation are personally liable to one whose money or property has been misappropriated or converted by them to the uses of the corporation, although they derived no personal benefit therefrom and acted merely as agents of the corporation." (at p. 416)
That language is equally applicable to the facts herein. The evidence supports the trial court's finding that defendants ratified and acquiesced in the conversion "in varying degrees of culpability."
Defendants assert that they relied upon the advice of counsel for the corporation that it was not necessary to escrow or segregate these investors' funds. Several of the defendants testified that he told the executive committee there was no legal or statutory requirement to escrow. The attorney categorically denied that he gave any such advice at that time. Apparently, at a subsequent special meeting of the full board of directors the attorney advised the board that there was "no statute" in New Jersey requiring that such moneys be held in escrow, but a statute requiring escrow had been *417 proposed, but not yet enacted. Such a statute has since been adopted. N.J.S.A. 49:3-27 to 44.
Judge Mintz found it unnecessary to determine whether or not defendants in good faith relied upon the advice of counsel. He concluded that since good faith is not a defense to an action for conversion, it follows that "good faith in reliance upon advice of counsel is likewise no defense." We agree. Liability for a conversion is not necessarily precluded by the fact that defendant acted in good faith. 18 Am. Jur.2d Conversion, § 7, p. 162 (1965), and cases in footnote 20, holding good or bad faith not included in the gist of the action for conversion. "Due care and good faith cannot justify a trustee who, under a mistake of law, intentionally does that which is prohibited or is beyond his powers or who intentionally omits what is required of him. He cannot plead the advice of counsel." In re United Conclave B. & L. Assn., 135 N.J. Eq. 63, 66 (Ch. 1944). "It is the act of conversion itself that gives a right of action, and not the intent to convert." 89 C.J.S. Trover and Conversion § 7, p. 536. O.B.A. and defendant directors unauthorizedly assumed the right of ownership over the trust funds of the limited partnership. For that conversion advice of counsel is no defense.
Moreover, the ambiguous advice that there was "no statute" requiring an escrow or separation of these funds cannot reasonably be equated with legal advice that the trust funds may be used to replenish the corporation's "cash shy" treasury for utilization by the corporation for its current expenses and other financial ventures. Defendant directors knew of the corporation's "dire cash position," as the trial court found, and took the chance of using these trust funds in the hope that new moneys would come in to replace them. Unfortunately for them, their expectations were not realized and they have made themselves personally liable for knowingly acquiescing in and ratifying the misappropriations by their corporation.
The judgment is affirmed.