114 N.J. Super. 164 (1971)
275 A.2d 452
PORTAGE INSULATED PIPE COMPANY, PLAINTIFF-APPELLANT,
v.
ANTHONY COSTANZO, BARBARA COSTANZO AND LUCILLE COSTANZO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 1, 1971.
Supplemental briefs submitted March 15 and 22, 1971.
Decided March 31, 1971.
*166 Before Judges CONFORD, KOLOVSKY and CARTON.
Mr. Russell H. Hulsizer argued the cause for appellant.
Mr. Edward J. Toy argued the cause for respondents.
PER CURIAM.
We conclude from our examination of the record that the trial court erred in granting defendants' motion to dismiss at the close of the plaintiff's case.
Contrary to what the trial court ruled, the evidence offered by plaintiff, together with the legitimate inferences therefrom, cf. R. 4:37-2(b), could sustain a finding that Allstate Plumbing Corporation was insolvent in 1966 when $28,000 of its funds were used to pay debts allegedly due and owing to its officers and stockholders, the defendants herein. The evidence offered on plaintiff's case if it did not mandate at least permitted an inference that the corporation was unable to meet its pecuniary liabilities as they matured by means of available assets or the honest use of credit. Cf. Whitfield v. Kern, 122 N.J. Eq. 332, 344-345 (E. & A. 1937).
If the corporation was insolvent, then the payments totalling $28,000 made to defendants were unlawful preferences which may be recovered for the benefit of the corporation's creditors. See N.J.S.A. 14:14-2. When a corporation becomes insolvent a quasi-trust relationship arises between its officers and directors on the one hand and its creditors on the other. Whitfield v. Kern, supra, 122 N.J. Eq. at 340-342. The officers and directors, in their capacity as trustees of the insolvent corporation, may not prefer one creditor over another, and have a special duty not to prefer themselves. Rogosin v. City Trust Co. of Passaic, 107 N.J. Eq. 79 (Ch. 1930); Schmidt v. Perkins, 74 N.J.L. 785, 788 (E. & A. 1907).
An action to set aside or recover such preferences, if brought by a single creditor instead of by a receiver or *167 trustee in bankruptcy of the corporation, must be brought for the benefit of all the creditors of the corporation. See Central-Penn National Bank v. N.J. Fidelity, etc., Co., 119 N.J. Eq. 265, 271-272 (Ch. 1935); Landis v. Sea Isle City Hotel Co., 53 N.J. Eq. 654 (E. & A. 1895).
The creditor may not, as plaintiff here has done, bring an action at law to recover from the beneficiaries of the preferential payments only the amount due on the judgment which the creditor had recovered against the corporation. Thompson-Houston Electric Co. v. Murray, 60 N.J.L. 20, 22 (Sup. Ct. 1897).
However, until the question was posed by us at oral argument and supplemental briefs ordered, defendants had no objection to the procedures heretofore adopted by plaintiff. In view thereof, we are satisfied that justice requires that plaintiff be permitted, following our remand, to have this action transferred to the Chancery Division and to file an amended complaint in which, for the benefit of itself and all other creditors of Allstate, it may seek recovery from the defendants of the $28,000 in preferential payments received by them.
The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.