153 N.J. Super. 369 (1977)
379 A.2d 1042
GENERAL FILMS, INC., PLAINTIFF-APPELLANT,
v.
SANCO GENERAL MANUFACTURING CORPORATION, DEFENDANT, AND SANDRA GALUTEN AND JERRY GALUTEN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1977.
Decided November 2, 1977.
*370 Before Judges CONFORD, MICHELS and PRESSLER.
Mr. Harry V. Osborne, II argued the cause for appellant (Messrs. Evans, Koelzer, Marriott & Osborne, attorneys).
Mr. Theodore J. Labrecque argued the cause for respondents (Messrs. Labrecque, Parsons & Bassler, attorneys).
The opinion of the court was delivered by CONFORD, P.J.A.D.
The only issue on this appeal is whether defendants Sandra Galuten and Jerry Galuten, who were principals of defendant Sanco General Manufacturing Corporation (Sanco), are liable to plaintiff as alleged participants in what is claimed by plaintiff to be a breach of trust by Sanco with relation to funds advanced to it as a broker, by plaintiff, to acquire for it a specific lot of materials. No issue is raised as to the liability of Sanco. The trial court, sitting without a jury, held that no fiduciary relationship *371 existed between plaintiff and Sanco, but only one of creditor-debtor; therefore the Galutens could not be personally liable. It further held that Sandra Galuten could in no event be liable, having only been a figurehead in the corporation, not an active participant. We agree with the latter holding and therefore, in referring to defendant Galuten hereinafter, are alluding only to Jerry Galuten.
The basic operative facts here are relatively simple. Sanco was a New York corporation whose operations were dominated and directed by Galuten. The sole stockholder was Sandra, his wife. Among other activities, Sanco was a broker for the sale of plastic material. In 1974 there was a severe shortage of petroleum-based products. Plaintiff was then an Ohio manufacturer in need of plastic materials of that character. In May of that year Galuten informed plaintiff's president, Weikert, that he had knowledge of a specific lot of the desired material in Texas which could be had for $67,557.60. The evidence indicates that it was understood that the stated sum included Sanco's "commission as broker on the transaction," as expressly found to be the fact by the trial court. Plaintiff mailed a check for that amount payable to Sanco on May 28, 1974. The next day Galuten phoned Weikert to say the owner of the material demanded cash, and he requested that Weikert wire the money. Plaintiff failed to do so. Sanco received the check May 30, 1974 and deposited it in its general checking account. Galuten waited for the check to clear and then phoned the owner of the material to consummate the transaction, whereupon he was informed that the material had been sold to another customer who had offered cash for it.
Plaintiff demanded a return of its funds. Sanco could not comply, as its checking account had become depleted in the meantime. Later the Galutens loaned the corporation $35,000 for repayment to plaintiff, which was done. No further payment was made, the corporation ultimately ending up in bankruptcy. The present action was for the balance due. *372 While liability of Sanco was conceded, judgment against it was withheld because of the bankruptcy.
Plaintiff's position on the foregoing fact situation is that Sanco was employed by it as a broker to secure for it a specific inventory of materials, and to be compensated therefor solely by a commission; that as such broker it was in a fiduciary relationship with plaintiff, owing it the duty of holding the funds advanced to it to secure the merchandise and of using them for that purpose and no other; and that that duty was violated when Sanco drew upon its checking account against the plaintiff's funds for other corporate purposes. Galuten, having personally participated in such diversion of plaintiff's funds, was personally liable therefor, along with the corporation.
We find plaintiff's position to be well taken as a matter of law, on the substantially undisputed operative facts. Galuten as well as plaintiff took the position at trial that Sanco was a broker for a commission in the transaction. If so, the theory of a seller-buyer relationship between plaintiff and Sanco is untenable as inconsistent. A seller is not an agent of the buyer; he bargains for a profit, not for a commission, as in the case of the services tendered by the broker. The whole background of the instant transaction confirms the thesis that plaintiff had engaged Sanco's special services as its agent to acquire for it the specific materials in Texas.
The trial judge relied upon the fact that no express trust was created by the dealings between the parties. However, a fiduciary relationship is implied from the brokerage status as a matter of law. Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 553 (1967); 12 Am. Jur.2d, Brokers, § 84 at 837. While Sanco was obviously authorized to collect the funds transmitted by plaintiff by depositing the check in its checking account, it held such moneys in implied trust to use them only to acquire the Texas-based materials. When it was unable to do so, and it permitted its checking account to decline below such sum, necessarily for its own purposes, it was invading funds due the plaintiff as a cestui que trust *373 and came in violation of its trust obligations to plaintiff. 2 Scott on Trusts (3 ed. 1967), § 179.2 at 1435-1436, citing People v. Meadows, 199 N.Y. 1, 8, 92 N.E. 128 (Ct. App. 1910); 2 Restatement, Agency, 2d, §§ 398, 404 (1958).
It is well established that when an officer or director of a corporation directs or participates in a conversion by the corporation of trust funds he is equally responsible therefor with the corporation. McGlynn v. Schultz, 95 N.J. Super. 412, 416 (App. Div.), certif. den. 50 N.J. 409 (1967). The rationale of that principle is applicable here, even if the diversion of the trust funds for Sanco's purposes was technically not a conversion thereof.
Plaintiff is entitled to judgment against defendant Jerry Galuten for the balance due.
Reversed.