291 N.J. Super. 428 (1996)
677 A.2d 794
GLOBE MOTOR CAR COMPANY, PLAINTIFF-APPELLANT,
v.
FIRST FIDELITY BANK, N.A., NEW JERSEY, AND EQUIFAX, DEFENDANTS-RESPONDENTS, AND JOHN W. GALLO; PETRICS, MESKIN & NASSAUR; PHIL (LAST NAME UNKNOWN); R. CROSSAN; JACK DESPOSITO; MAX (LAST NAME UNKNOWN); SHARON GALLO; W. KLARMAN; JIMMY HAWKINS; JIMMY VAR; WALTER HARLYE; SCOTT GALLO; TURK JORDAN, AND DOES 1 THROUGH 4, DEFENDANTS. FIRST FIDELITY BANK, N.A., NEW JERSEY, THIRD-PARTY PLAINTIFF,
v.
JOSEPH CHNAPKO, YAFFA CHNAPKO, CAMELOT LEASING, INC., GLOBE MOTOR CAR LEASING CORP. AND J.P. CHNAPKO, INC., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1996.
Decided June 24, 1996.
Before Judges HAVEY, D'ANNUNZIO and BRAITHWAITE.
Peter W. Till argued the cause for appellant Globe Motor Car Co. (Anthony J. Fusco, Jr., attorney).
*429 Dennis T. Kearney argued the cause for respondent First Fidelity Bank, N.A. (Pitney, Hardin, Kipp & Szuch, attorneys; Mr. Kearney and Loryn P. Riggiola, on the brief).
Robert J. Kelly argued the cause for respondent Equifax Services, Inc. (McElroy, Deutsch & Mulvaney, attorneys; Mr. Kelly and Robert J. McGuire, on the brief).
PER CURIAM.
In this lender-liability action by an automobile dealership against its creditor-bank and the bank's agent, plaintiff appeals from a summary judgment in favor of First Fidelity Bank and Equifax. The trial court's opinion is published at 273 N.J. Super. 388, 641 A.2d 1136 (Law Div. 1993).
We now affirm the summary judgment substantially for the reasons expressed by the trial court in section I of its opinion. Section II of the opinion addresses the substance of plaintiff's claim against the bank for paying forged or altered checks. That section of the opinion is dictum because those claims were not properly before the trial court. The trial court had denied plaintiff's motion to amend its complaint to assert a cause of action based on the bank's payment of forged instruments. We affirm the order denying plaintiff leave to amend, as we perceive no mistaken exercise of discretion in that regard. See Fisher v. Yates, 270 N.J. Super. 458, 467, 637 A.2d 546 (App.Div. 1994); DuWel Products, Inc. v. United States Fire Ins. Co., 236 N.J. Super. 349, 364, 565 A.2d 1113 (App.Div. 1989), certif. denied, 121 N.J. 617, 583 A.2d 316 (1990). Plaintiffs motion was made on the eve of trial and almost three years after the complaint was filed.
Affirmed.