Pearl DUNCAN, Plaintiff,

v.

COLLEGE OF NEW ROCHELLE,
Defendant.

No. 96 Civ. 8376 (CBM).

United States District Court,
S.D. New York.

July 28, 1997.

Raymond F. Gregory, New York City, for Pearl Duncan.

Thomas Pietrantonio, Cusack & Stiles, New York City, for College of New Rochelle.

## MEMORANDUM OPINION

MOTLEY, District Judge.

Plaintiff in this matter seeks to amend her complaint to include two new causes of action and make several technical changes. For the reasons provided below, this motion is granted.

### BACKGROUND

Plaintiff is a member of the faculty at defendant College of New Rochelle. Plaintiff alleges that defendant maintains two schools offering undergraduate programs of general studies. The first, the School of Arts and Sciences, operates a single campus in New Rochelle and both its student body and faculty are overwhelmingly white. The other school, the School of New Resources, operates at seven campuses, and its faculty and student body are overwhelmingly black and Hispanic. Plaintiff alleges that the wages, benefits and working conditions given to the full-time faculty at the School of Arts and Sciences are significantly better than those given to the full-time faculty at the School of New Resources. Plaintiff alleges that these differences are not related to legitimate academic criteria, but rather are motivated by intentional racial discrimination on the part of defendant.

Plaintiff originally sought relief under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and § 290 of the New York Executive Law. At a pretrial conference held on January 24, 1997, the court ordered that discovery was to be completed on May 24, 1997, and trial was to commence

on September 15, 1997. A second status conference was then scheduled for April 11, 1997.

At this second conference, it became clear that very little discovery had taken place on the grounds that the parties had been engaged in extensive settlement negotiations. The court expressed its displeasure at both sides for having failed to adhere to this court's order and extended the taking of discovery to July 31, 1997, with trial now scheduled to commence on October 20, 1997.

Shortly thereafter, by order dated May 5, 1997, the court permitted plaintiff's counsel to withdraw from the case and new counsel was substituted. Within a week of being appointed, plaintiff's new counsel indicated to defendant that he wished to amend the complaint, but defendant refused to stipulate to an amendment. As a result, plaintiff made this motion to amend on May 20, 1997.

Plaintiff's proposed amended complaint adds two new causes of action, arising under 42 U.S.C. § 1981 and § 8–101 of the New York City Human Rights Law. Both sides represent that the proof required to establish violations of these statutes is the same as would be required to prove violations of Title VII and the New York Executive Law, though plaintiff maintains that the breadth of relief is somewhat broader under those statutes.

The other changes plaintiff proposes are largely technical. She seeks, for example, to separate disparate treatment allegations from allegations based upon disparate impact. Furthermore, whereas in the original complaint, it was alleged that members of the faculty at the School of Arts and Sciences were required to work 12 hours a weeks, plaintiff now wishes to allege that they were in fact required to work 16 hours a week. Finally, plaintiff seeks to include a request for compensatory and punitive damages which was not included in the original complaint.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure reads in relevant part:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served .... Otherwise, a party may amend the party's pleading only be leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires ....

Since a responsive pleading was filed in this case on January 14, 1997, and defendant refuses to agree to an amendment of the pleading, plaintiff was forced to seek leave of the court by filing the present motion if she wished to amend her complaint.

■ "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). However, though mere delay does not provide the basis for denial of leave to amend, *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981), "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983). In determining what constitutes prejudice, three factors are considered: (1) whether assertion of the new claim would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) whether assertion of the new claim would significantly delay the resolution of the dispute; and (3) whether assertion of the new claim would prevent the plaintiff from bringing a timely action in another jurisdiction. *Block,* 988 F.2d at 350; *Town of New Windsor v. Tesa Tuck, Inc.,* 919 F.Supp. 662, 676 (S.D.N.Y. 1996).

■ The court holds that plaintiff has not acted in bad faith, nor will defendants be unduly prejudiced by these amendments. First of all, as regards bad faith, it appears that almost immediately after having been retained, plaintiff's present counsel recognized that the previous counsel had not included two causes of action and took action to amend the complaint to include them. It simply does not stand to reason, therefore, that the amendments are being made in bad

faith, especially since they are so minor that they give plaintiff little tactical advantage and will not result in a delay of the proceedings.

Moreover, with regard to the issue of prejudice, the court fails to see how defendant is seriously prejudiced by these amendments. The only further discovery which may need to be taken relates solely to the issue of damages, and there is no reason that defendant should have to engage in significant additional expense to conduct discovery on this issue. Moreover, since discovery was set to end at the end of this month but trial has been scheduled for October 20, 1997, a five week extension of discovery can be granted (which is ample time to conduct discovery on the matters in question) without in any way affecting the scheduled trial date.

## CONCLUSION

For the foregoing reasons, the court grants plaintiff's motion to amend the complaint and extends the deadline for discovery to September 5, 1997.