**In re ALLSERVE SYSTEMS CORP., Debtor.**

**Charles A. Stanziale, Jr., Plaintiff,**

**v.**

**Radha Dalmia, Casseys Services Corp., IDT Communications, Ltd., vCollect Global, Inc., et al., Defendants.**

**and**

**Emigrant Mortgage Company, Inc., Nominal Defendant.**

**Bankruptcy No. 05–60401(MBK).**
**Adversary No. 06–01589(MBK).**

United States Bankruptcy Court, D. New Jersey.

Nov. 9, 2007.

**72**

Bruce D. Buechler, Lowenstein Sandler PC, Roseland, NJ, for Defendants Casseys Services Corp., IDT Communications Ltd., vCollect Global, Inc. and Proposed Defendants Lawrence Weil, Mary Weil, Alliance East, LLC and TJA & Associates, LLC.

Robert P. Donovan, McElroy, Deutsch, Mulvaney & Carpenter, Newark, NJ, for Chapter 7 Trustee, Charles A. Stanziale, Jr.

Vincent F. Papalia, Saiber Schlesinger Satz & Goldstein, Newark, NJ, for Cordell Consultants, Inc. Money Purchase Plan.

## MEMORANDUM DECISION

MICHAEL B. KAPLAN, Bankruptcy Judge.

This matter comes before the Court upon the motion filed by Charles A. Stanziale, Jr., Chapter 7 Trustee ("Trustee") for Allserve Systems Corp. ("Debtor"), seeking leave to file a Third Amended Complaint ("Amended Complaint") in the above-captioned proceeding. The original motion sought, *inter alia,* to add additional claims against existing defendants for turnover, avoidance of preferential and fraudulent transfers, as well as a determination as to the validity and priority of certain mortgages. In addition, the Trustee sought to add additional counts against new defendants, Accounts Portfolio Management, LLC, Crescent Recovery, LLC, TJA & Associates, LLC, Alliance East, LLC and Lawrence Weil and Mary Weil, for claims predicated on alter ego liability, veil piercing, fraudulent transfers, fraudulent concealment and/or breach of fiduciary duty. Substantial objections were raised by counsel for Cordell Consultants, Inc. Money Purchase Plan ("Cordell"), along with counsel for vCollect Global, Inc. ("vCollect") and proposed additional defendants, Accounts Portfolio Management, LLC, Alliance East, LLC, TJA & Associates, LLC, and Mr. and Mrs. Weil (collectively, "vCollect Defendants"). The thrust of the objections raised contend that the additional causes of action either fail to state claims upon which relief can be granted and/or that the pleadings contain insufficient facts and specificity in compliance with Fed.R.Civ.P. 9(b), made applicable by Fed. R. Bankr.P. 7009.

A hearing on the Trustee's motion was first held on July 30, 2007, at which time the Court reviewed the proposed additional counts and gave specific guidance to the parties as to the types of causes of action, together with the necessary factual predicates, which the Court regarded as sustainable under existing laws. Trustee's counsel was directed to circulate a modified proposed Third Amended Complaint ("Modified Amended Complaint"), in which changes were made to be consistent with the Court's rulings. Counsel complied by circulating a draft of the Modified Amended Complaint, dated September 20, 2007,

to which additional objections were raised and argued at a continued hearing on October 19, 2007. Specifically, Cordell objected to Counts 11, 12, 13, 15 and 16 of the Modified Amended Complaint. Likewise, the vCollect Defendants objected to Counts 3–5, 8–10, 18–21, 30, 31 and 32. With regard to Cordell's objections, the Court agreed that the Trustee had not established a factual predicate sufficient to treat Cordell as an "insider" for preference purposes, and thus denied permission to include Count 11 in any amended complaint. In contrast, the Court ruled that the Trustee had plead sufficient facts to support Counts 12, 13, 15 and 16. With respect to the vCollect Defendants' objections, the Court reserved and requested supplemental submissions by the parties regarding the application of Delaware corporate law to the Trustee's claim against the directors of vCollect, a Delaware corporation, for alleged breaches of fiduciary duty owing creditors of vCollect.

The Court received and considered the requested additional briefs and for the reasons set forth below, grants the Trustee's motion as to the balance of the claims in the Modified Amended Complaint.

Fed. R. Bankr.P. 7015 provides that Fed.R.Civ.P. 15(a) applies in adversary proceedings. This Rule states, in pertinent part:

> (a) AMENDMENTS. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or written consent of the adverse party; *and leave shall be freely given when justice so requires.* (Emphasis added)

■ The grant or denial of leave to amend is discretionary. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Absent "undue delay," "bad faith or dilatory motive ... repeated failure to cure deficiencies by amendments previously allowed, undue prejudice," and "futility," leave to amend shall be freely given. *Id.* There is a general presumption in favor of granting the moving party leave to amend. *Boileau v. Bethlehem Steel Corp.,* 730 F.2d 929, 938 (3d Cir. 1984). The Court should examine whether the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation or (4) is futile. *Id.; see also Dais v. Lane Bryant, Inc.,* 1999 U.S. Dist. LEXIS 4387 (S.D.N.Y.1999). As there are no allegations made by the parties herein that the Trustee has brought the within motion in "bad faith" or for improper motives, the Court will examine the merits of the proposed amendments by application of the remaining criteria.

### 1. Prejudice

■ "In the context of a [Rule] 15(a) amendment, prejudice means that the non-moving party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered if the amendment was timely." *Cuffy v. Getty Ref. & Mktg. Co.,* 648 F.Supp. 802, 806 (D.Del. 1986); *see also, Ross v. Houston Indep. Sch. Dist.,* 699 F.2d 218, 228–29 (5th Cir. 1983) (denying amendment when the amendment "would add new and complex issues to a case already protracted and complicated," would require new discovery, addition of twenty-six new parties, and pre-trial preparations and actual trial might require several years); *A. Cherney*

*Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.,* 68 F.R.D. 383, 385–86 (N.D.Ill.1975) (finding prejudice and denying amendment where the proposed amendment was requested five years after the case was filed, required further discovery, and substantially changed the complaint). "In determining what constitutes prejudice, the Court considers whether the assertion of the new claim would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the Plaintiff from bringing a timely action in another jurisdiction." *Dais, supra* (*citing Block v. First Blood Associates,* 988 F.2d 344, 350 (2nd Cir.1993); and *Duncan v. College of New Rochelle,* 174 F.R.D. 48, 49 (S.D.N.Y.1997)). "[I]nconvenience to a party or the strengthening of the movant's legal position does not provide sufficient prejudice." *In re Fleming Cos., Inc.,* 323 B.R. 144, 148 (Bankr.D.Del. 2005).

This adversary proceeding involves a complicated series of complex financial transactions, by and among several related entities, requiring extensive document discovery and analysis. The parties are only in the infancy of the discovery process and the case is no where near being scheduled for trial. The Court finds that there will be no prejudice to the parties having to engage in the additional discovery emanating from the amended counts; nor will there be unwarranted additional costs or delays with respect to bringing this matter to trial.

## 2. Delay

■ "Mere delay, absent a showing of bad faith or undue prejudice by the non-movant, is not sufficient to deny the right to amend a pleading." *Dais, supra.* (*citing State Teachers Retirement Board v.* *Fluor Corp.,* 654 F.2d 843, 856 (2nd Cir. 1981)). *See, e.g., Adams v. Gould, Inc.,* 739 F.2d 858, 868 (3d Cir.1984) ("The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party."); *but see, Lorenz v. CSX Corp.,* 1 F.3d 1406, 1414 (3d Cir.1993) (concluding that undue delay existed where a party sought amendment three years after the original complaint and two years after the first amended complaint when the moving party knew of the facts on which the proposed amendment was based at the time of the prior pleadings); *Rose Hall, Ltd. v. Chase Manhattan Overseas Banking Corp.,* 93 F.R.D. 858, 864 (D.Del.1982) (denying a motion to amend that was filed after a formal discovery period of sixty-five days in which depositions of twenty-one individuals were taken in six different cities and thousands of documents were produced). Once again, the within litigation is not approaching a trial date, nor even the expiration of the discovery period. Rather, discovery has been stayed, in large measure, pending resolution of the Trustee's efforts to amend the complaint.

The Court is cognizant that the initial complaint in this matter was filed over eighteen month ago, on April 10, 2006, and thus has been pending for some length of time. Yet, the Court notes that the Trustee was first appointed on January 20, 2006, a mere two and a half months preceding the filing of the complaint. The Trustee could have opted to undertake substantial investigative efforts through Rule 2004 subpoenas prior to filing the complaint, even though he was aware of sufficient facts supporting action(s) against the within defendants; by expeditiously filing suit, however, the defendants were

put on notice of the claims at an early stage and afforded an opportunity to investigate and preserve relevant evidence. Thus, this Court does not view the length of time in which the cases have been pending to be prejudicial to the defendants, nor a sufficient basis, standing alone, to deny the Trustee's requested relief.

### 3. Futility

 The more difficult criteria for this Court to apply in this matter is whether the proposed additional causes of action included in the Modified Amended Complaint are sustainable as a matter of law. Futility of amendment is characterized as a complaint which, as amended, would fail to state a claim upon which relief could be granted. *Skretvedt v. E.I. Dupont De Nemours and Company*, 119 F.Supp.2d 444, 457 (D.Del.2000); *see also, In re Alpharma Inc. Sec. Litig.*, 372 F.3d 137, 153 (3d Cir.2004) (stating that leave to amend will be denied if the amendment would be futile); *In re Fleming Cos., Inc.*, 347 B.R. 163, 167–68 (Bankr.D.Del.2006) ("Futility of amendment exists when the claim or defense is not accompanied by a showing of plausibility sufficient to present a triable issue. Thus, a trial court may appropriately deny a motion to amend where the amendment would not withstand a motion to dismiss." (internal citations omitted)).

In light of the foregoing, this Court now must review the proposed Modified Amended Complaint to determine whether the amendments can withstand a motion to dismiss. Pursuant to Fed. R.Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr.P. 7012(b), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed R. Civ. Proc. 12(b)(6); Bankr.R. 7012(b). A motion made under Rule 12(b)(6) challenges the legal sufficiency of a claim in order to determine wheth-

er it should proceed. *Morris v. Azzi*, 866 F.Supp. 149, 152 (D.N.J.1994). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed.Cir.1993), reh'g en banc denied, *Hess v. Advanced Cardiovascular Systems, Inc.*, 520 U.S. 1277, 117 S.Ct. 2459, 138 L.Ed.2d 216 (1997).

In considering a Rule 12(b)(6) motion, the reviewing court must accept all of the factual allegations contained within the complaint as true. *See U.S. v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Gary v. Air Group, Inc.*, 397 F.3d 183, 186 (3d Cir. 2005). As the United States Supreme Court recently explained in *Bell Atlantic Corp. v. Twombly:*

> Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal

conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004) (hereinafter Wright & Miller) ("The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

—— U.S. ——, ——–––——, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007). Ultimately, dismissal is appropriate only if there are not "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

 Applying the "plausibility" standard enunciated by the U.S. Supreme Court in *Twombly*, this Court finds that the allegations set forth by the Trustee in all of the counts at issue in the proposed Modified Amended Complaint establish legally cognizable claims and satisfy the pleading requirements of Fed.R.Civ.P. 8(a) and Fed. R. Civ. P. 9(b) [made applicable pursuant to Fed. R. Bank. P. 7008 and 7009, respectively]. A complaint need not allege—indeed, should not allege—"all of the evidence needed to prevail at trial." *In re Fidanovski*, 347 B.R. 343, 348

(Bankr.N.D.Ill.2006), *quoting, Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir.1998) (declaring that plaintiffs should not be "larding their complaints with facts"). A complaint "'does not have to plead evidence,'" and a plaintiff in no way risks dismissal (let alone defeat at trial) because his complaint "'does not set forth a complete and convincing picture of the alleged wrongdoing.'" *Id.* (*quoting American Nurses' Ass'n v. Illinois*, 783 F.2d 716, 727 (7th Cir.1986)). Specific details underlying a complaint can wait for later stages, such as discovery or summary judgment motions. *Alliant Energy Corp. v. Bie*, 277 F.3d 916, 919 (7th Cir.2002).

In the present matter, the Trustee has set forth in the complaint specific allegations and proffered examples of fraudulent abuses of the corporate form, commingling of corporate assets, and fraudulent transfers by and among the Weils and various corporate entities in which either Mr. Or Mrs. Weil holds a 100% ownership interest, or over which the Weils exert control. Additionally, throughout the Modified Amended Complaint, the Trustee details allegations regarding Mr. Weil's knowledge of fraudulent transfers involving assets of the Debtor, as well as Mr. Weil's failure to disclose same and the identities of the recipients to the Debtor and/or Trustee. This Court acknowledges that the pleadings contain certain significant gaps which must be filled-in and proved by a preponderance of evidence for any eventual recovery by the Trustee; moreover, the vCollect Defendants have asserted in their opposition detailed legal and factual justifications for the transactions and actions targeted by the Trustee. However, neither the slightly elevated standard of review pronounced by the U.S. Supreme Court in *Twombly, supra,* nor the heightened pleading requirements of Fed. R. Bankr.P. 7009, mandate that this court determine at this early juncture whether

the Trustee can prove the facts alleged. The issue is not whether the plaintiff ultimately will prevail, but rather whether plaintiff should be permitted to submit evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Trustee has detailed the transactions at issue, as well as the intertwined relationships among the defendants, with a sufficient degree of particularity to support the claims set forth by the Trustee against the named defendants for transfer avoidance, breach of fiduciary duty, fraudulent concealment and alter-ego liability.

Count 32 of the proposed Modified Amended Complaint, in which the Trustee alleges that Mr. and Mrs. Weil breached certain fiduciary duties owing the Debtor, as a creditor of vCollect, by causing vCollect to make excessive salary payments to the Weils and their family,[1] raises unique issues. As mentioned above, the Court requested supplemental submissions by the parties regarding the application of Delaware corporate law to the Trustee's claim. Before deciding this issue, it is incumbent upon the Court to determine first whether New Jersey substantive law provides a cause of action by a creditor against a director of an insolvent or nearly insolvent corporation for breaches of fiduciary duty, to the extent such exist, owing creditors.[2] There has been only limited briefing on this issue and the Court has uncovered limited New Jersey state court judicial pronouncements on this issue apart from *Francis v. United Jersey Bank*, 87 N.J. 15, 432 A.2d 814 (1981).

In *Francis*, the primary issue on appeal to the New Jersey Supreme Court was whether a corporate director could be personally liable in negligence for the failure to prevent the misappropriation of trust funds by other directors. The court held that directors have a duty to third parties to take an active role in a corporation to prevent misappropriations. 87 N.J. at 34–35, 432 A.2d 814. In so holding, the New Jersey Supreme Court engaged in an in-depth analysis of a director's duty of care under New Jersey Law as it relates to specific obligees. As to the corporation and its stockholders, the Court had no difficulty identifying a fiduciary relationship in which directors are obligated to exercise reasonable supervision and control over a corporation's practices and policies. 87 N.J. at 36, 432 A.2d 814. The court then continued by discussing the duty owing creditors and stated:

> While directors may owe a fiduciary duty to creditors also, that obligation generally has not been recognized in the absence of insolvency. *Whitfield[ v. Kern]*, *supra*, 122 N.J.Eq. [332] at 342, 345, 192 A. 48 [1937]. With certain corporations, however, directors are seemed to owe a duty to creditors and other third parties even when the corpo-

---

1. The Trustee asserts that the Weils caused these transfers to be made in their capacity as directors of vCollect. Counsel for the vCollect defendants makes it clear in his written submission that vCollect, the Weils, Alliance East, LLC and TJA & Associates, LLC do not concede that the Weils were directors of vCollect and the Court makes no such finding, but rather leaves the Trustee to his proofs on this issue at trial.

2. In is undisputed by the parties that the Delaware Supreme Court recently resolved this issue under *Delaware* law in *North American Catholic Educational Programming Foundation, Inc. v. Gheewalla*, 930 A.2d 92, 99 (Del.2007), in which the court held that "the creditors of a Delaware corporation that is either insolvent or in the zone of insolvency have no right, as a matter of law, to assert claims for breach of fiduciary duties against the corporation's directors." Needless to say, if this Court does not find that such a cause of action exists under New Jersey law, the choice of law issue is moot.

ration is solvent. Although depositors of a bank are considered in some respects to be creditors, courts have recognized that directors may owe them a fiduciary duty. *See Campbell[ v. Watson]*, supra, 62 N.J.Eq. [396] at 406–407, 50 A. 120 [1901]. Directors of nonbanking corporations may owe a similar duty when the corporation holds funds of others in trust. Cf. *McGlynn v. Schultz*, 90 N.J.Super. 505, 218 A.2d 408 (Ch.Div. 1966), aff'd 95 N.J.Super. 412, 231 A.2d 386 (App.Div.) certif. den. 50 N.J. 409, 235 A.2d 901 (1967) (directors who did not insist on segregating trust funds held by corporation liable to the cestuis que trust).

*Id.*

Counsel for the vCollect defendants cite to *Globe Motor Car Co. v. First Fidelity Bank*, 273 N.J.Super. 388, 393, 641 A.2d 1136 (Law Div.1993), *aff'd* 291 N.J.Super. 428, 677 A.2d 794 (App.Div.1996) for the proposition that New Jersey law generally recognizes that a fiduciary relationship does not exist between debtors and creditors. *See* p. 5 of vCollect's Supplemental Memorandum of Law, dated October 30, 2007. In point of fact, the *Globe* court merely stated "creditor-debtor relationships ... ***rarely*** are found to give rise to a fiduciary duty." 273 N.J.Super. at 393, 641 A.2d 1136, *quoting Paradise Hotel Corp. v. Bank of Nova Scotia*, 842 F.2d 47, 53 (3d Cir.1988)(Emphasis added). The Globe decision is inapposite to the present matter as it addresses the obligation of a lender owing to its borrower. It does not touch upon the duties owing creditors of insolvent or nearly insolvent corporations.

While it has been suggested by defendants' counsel that the *Francis* decision is over twenty-five years old and ripe for review in light of the *Gheewalla*, ruling by the Delaware Supreme Court, New Jersey state and federal courts have not deviated from the holding in *Francis* when confronted with the issue in recent years. For instance, in *AYR Composition, Inc. v. Rosenberg*, 261 N.J.Super. 495, 619 A.2d 592, (App.Div.1993), a judgment creditor of an advertising agency commenced an action against former directors, officers, and principals of the agency, seeking to obtain judgments against them in their personal capacities based on alleged fraudulent transfer of corporate assets. In affirming the trial court's grant of summary judgment on Plaintiff's causes of actions for recovery of fraudulent conveyances and piercing the corporate veil, the Appellate Division noted:

> As the sole directors and officers of R/M, defendants not only owed a fiduciary duty to R/M while it remained in existence, but they also owed a quasi-trust duty to plaintiff, as R/M's creditor, when R/M became insolvent. *Portage Insulated Pipe Co. v. Costanzo*, 114 N.J.Super. 164, 166, 275 A.2d 452 (App. Div.1971) ("When a corporation becomes insolvent a quasi-trust relationship arises between its officers and directors on the one hand and its creditors on the other"); *Matter of Stevens*, 476 F.Supp. 147, 153 n. 5 (D.N.J.1979) (In this quasi-trust relationship, officers "cannot prefer one creditor over another, and they have a 'special duty not to prefer themselves' "); cf. *Francis v. United Jersey Bank*, 87 N.J. 15, 36, 432 A.2d 814 (1981) ("While directors may owe a fiduciary duty to creditors also, that obligation generally has not been recognized in the absence of insolvency").

*Id.* at 505, 619 A.2d 592; *see also VFB, LLC v. Campbell Soup Co.*, 482 F.3d 624, 635 (3d Cir.2007) ("[d]irectors normally owe no duty to corporate creditors, but when the corporation becomes insolvent the creditors' investment is at risk, and the directors should manage the corporation in

their interests as well as that of the shareholders." (citations omitted)); *Bd. of Trustees of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 (3d Cir.2002) ("Once a corporation becomes insolvent, however, the directors assume a fiduciary or 'quasi-trust' duty to the corporation's creditors." (citations omitted)).

■■■■ At this juncture, this Court is not prepared to deviate from the clear expression of the law, as set forth above by other New Jersey federal and state courts, by ruling that New Jersey law fails to recognize a fiduciary duty owing creditors by the directors of an insolvent corporation. Rather, this Court must simply decide whether in the present matter, Delaware or New Jersey law will apply on this issue.

■■■ This Court is in full agreement with the proposition and supporting citations submitted by counsel for the vCollect Defendants that the laws of the state of incorporation govern the internal affairs of a corporation. *See* pp. 2–3 of vCollect's Supplemental Memorandum of Law; *See also Fagin v. Gilmartin*, 432 F.3d 276, 282 (3d Cir.2005) ("Under New Jersey's choice-of-law rules, the law of the state of incorporation governs internal corporate affairs.") (citations omitted). Internal affairs include those matters which are "peculiar to the relationship among or between the corporation and its current officers, directors, and shareholders." *McDermott Inc. v. Lewis*, 531 A.2d 206, 216–217 (Del.1987) (*citing Edgar v. MITE Corp.*, 457 U.S. 624, 645, 102 S.Ct. 2629, 73 L.Ed.2d 269 (1982)). Indeed, the

trial court in *Francis* appears to have followed this same approach in applying Section 309 of *Restatement, Conflict of Law 2d*, which provides:

> The local law of the state of incorporation will be applied to determine the existence and extent of a director's or officer's liability to the corporation, its creditors and shareholders, except where, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the parties and the transaction, in which event the local law of the other state will be applied.

*Francis v. United Jersey Bank*, 162 N.J.Super. 355, 368–369, 392 A.2d 1233 (Law Div.1978).[3]

There is no question that the State of Delaware maintains a substantial interest in defining, regulating and enforcing the conduct of directors of Delaware corporations and thus applying the very laws which empowered them to act in such capacities. However, the Court's inquiry does not end here. Rather, the Court must take into account the substantial and more significant interests of New Jersey in applying its laws under these circumstances. The within claim is not limited to the internal affairs of vCollect, as defined above. Indeed, this adversary proceeding does not involve litigation between or among the corporation and its directors, officers, shareholders or employees. Moreover, the action does not involve either a derivative suit by shareholders or litigation brought by the Trustee in a de-

---

**3.** In *Francis,* the subject corporation was incorporated in New York, while the shareholders, directors and officers were New Jersey residents. The trial court, observing that (1) all of the transactions occurred in New Jersey, (2) there were bankruptcy and decedent estate proceedings taking place in New Jersey and (3) all of the creditors had contacts with

the corporation in New Jersey, opted to apply New Jersey law. While the parties consented to the choice of law before the New Jersey Supreme Court, that court made it clear in its decision that it agreed with the lower court's application of New Jersey law. *Francis,* 87 N.J. at 28, 432 A.2d 814.

rivative capacity. Instead, this claim is brought by an out of state [New Jersey] creditor for actions taken by the directors of a corporation while it operated in New Jersey. Specifically, as noted by counsel for the Trustee, the following factors underscore the interests of New Jersey for purposes of choice of law:

1. Defendant vCollect operates in New Jersey.

2. Defendant Weils (alleged directors) reside in New Jersey.

3. The underlying activities and alleged fraudulent transfers/breaches of duty occurred in New Jersey.

4. The injured creditor (the Debtor) is in New Jersey and undergoing a bankruptcy proceeding in New Jersey.

5. The trial and anticipated witnesses are in New Jersey.

In sum, New Jersey maintains a substantial and paramount interest in applying its laws to redress the injuries to New Jersey creditors, arising from alleged tortious activities by corporate directors occurring within New Jersey's borders. Accordingly, this Court will apply New Jersey law and thus finds that the Trustee has stated a sustainable cause of action in Count 32. The Trustee will be permitted to file and serve the Modified Amended Complaint as provided in this decision and the Court's determinations at the prior hearings. Trustee's counsel should submit an Order.