**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1851

MICHELLE DAVIS,

        Plaintiff - Appellant,

     v.

COMPLETE AUTO RECOVERY SERVICES, INC; STEWART GRAY; DONALD GRAY; TOYOTA MOTOR CREDIT CORPORATION,

        Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Chief District Judge.  (1:16-cv-03079-JKB)

Submitted:  August 30, 2022                    Decided:  November 17, 2022

Before HARRIS and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Hughie D. Hunt, II, KEMET HUNT LAW GROUP, INC., Beltsville, Maryland, for Appellant.  Laura M. Gaba, NATIONWIDE TRIAL DIVISION, Linthicum, Maryland; Michael N. Russo, Jr., N. Tucker Meneely, COUNCIL, BARADEL, KOSMERL & NOLAN, P.A., Annapolis, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michelle Davis filed the subject civil action against Defendants Toyota Motor Credit Corporation ("TMCC"); Stewart and Donald Gray (together, the "Grays"); and the Grays' company, Complete Auto Recovery Services, Inc. ("CARS"). In her amended complaint, Davis alleged that Defendants repossessed her car in violation of Maryland law. The district court granted TMCC's motion to dismiss, dismissing all of Davis' claims except for her battery claim against CARS and the Grays. After denying Davis leave to file a second amended complaint, the court granted the remaining Defendants' motion for summary judgment on the battery claim and denied Davis' subsequent motion to amend that judgment. Davis appeals the court's orders. For the reasons that follow, we affirm in part, vacate in part, and remand.[1]

                                   I.

We turn first to the district court's order granting TMCC's motion to dismiss. We review de novo a district court's order granting a motion to dismiss, "accept[ing] the factual allegations of the complaint as true and constru[ing] them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In other

---

[1] Additionally, we deny TMCC's motion to dismiss the appeal for failure to comply with Fed. R. App. P. 3 (2020). *See Bogart v. Chapell*, 396 F.3d 548, 555 (4th Cir. 2005).

words, "a plaintiff must provide sufficient detail to show that [s]he has a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (cleaned up), *vacated on other grounds*, 140 S. Ct. 2736 (2020).

Upon review of the record, we conclude that the district court properly dismissed most of Davis' claims, including all of her claims against Donald Gray. However, we find that the court erred in dismissing Davis' breach of peace claim against TMCC and her conversion, trespass to chattels, and trespass claims against CARS and Stewart Gray. First, with respect to the breach of peace claim, the Maryland Uniform Commercial Code—Secured Transactions ("MUCC"), Md. Code Ann., Com. Law § 9-609 (LexisNexis 2021), provides that a secured party may repossess collateral "[w]ithout judicial process" only "if it proceeds without breach of the peace." The comments to the MUCC further instruct that "[i]n considering whether a secured party has engaged in breach of the peace, . . . courts should hold [a] secured party liable for the actions of others taken on the secured party's behalf, including independent contractors." *Id.* § 9-609 cmt. 3. Accordingly, we conclude that, in alleging that an independent contractor assaulted her while conducting a repossession on TMCC's behalf, Davis pled sufficient facts to assert a breach of the peace claim against TMCC.

Second, the Maryland Collection Agency Licensing Act ("MCALA") prohibits the collection of debts without a collection agency license. Md. Code Ann., Bus. Reg. § 7-401(a) (LexisNexis 2021). According to the Maryland Collection Agency Licensing Board ("the Board"), empowered by the MCALA to regulate collection agency licenses,

3

Md. Code. Ann., Bus. Reg. § 7-201, 205, -303 (LexisNexis 2021), an individual or entity that engages in repossession activities satisfies the MCALA's definition of a collection agency, *DTRecovery, LLC*, Md. Comm. Fin. Reg. at \*6 (2015), 2015 WL 2193294 (order) ("As a result of these repossession-related collections activities, Respondents satisfied the definition of 'collection agency' under . . . [the] MCALA."). In light of the Board's guidance, we conclude that Davis plausibly alleged that CARS, a repossession company, and Stewart Gray, the member of a non-licensed company and a direct participant in the repossession of Davis' car, were required to obtain collection agency licenses. Md. Code Ann., Bus. Reg. § 7-301(a), (b)(2) (LexisNexis 2021) (requiring individual to have license "whenever the person does business as a collection agency," unless the individual is an employee of a "licensed collection agency"); *Tedrow v. Deskin*, 290 A.2d 799, 803 (Md. 1972) (noting that, where corporate officer is a "participant in [a] wrongful act," he may be held personally liable).

Moreover, under Maryland law, where an actor is "not authorized to repossess" collateral, "there is no doubt that there was a conversion," even where, as here, the plaintiff defaulted on the loan that the collateral secures. *Battista v. Sav. Bank of Balt.*, 507 A.2d 203, 205 (Md. Ct. Spec. App. 1986); *see also Hamilton v. Ford Motor Credit Co.*, 502 A.2d 1057, 1060-61, 1066-67 (Md. Ct. Spec. App. 1986). We therefore conclude that Davis plausibly alleged that CARS and Stewart Gray—neither of whom was authorized, under the MCALA, to repossess her car—were liable for conversion and trespass to chattels. *See Staub v. Staub*, 376 A.2d 1129, 1132 (Md. Ct. Spec. App. 1977) (noting that the difference between conversion and trespass to chattels "is nearly always one of degree"

4

of interference with the plaintiff's property).  Furthermore, because Defendants were not authorized to repossess the car, they lacked authority to enter Davis' property without her permission; accordingly, we find that Davis' trespass claim against CARS and Stewart Gray was also plausible. *See Uthus v. Valley Mill Camp, Inc.*, 246 A.3d 1225, 1239 (Md. 2021) (setting forth elements of trespass claim).

## II.

We turn next to the district court's order denying Davis leave to file a second amended complaint.  A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), and therefore should deny a motion to amend a pleading only "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile," *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted). We generally review a district court's denial of a motion to amend for abuse of discretion, *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014), but "review de novo a district court's denial of leave to amend on the basis of futility," *Davison v. Randall*, 912 F.3d 666, 690 (4th Cir. 2019).

In her motion for leave to file a second amended complaint, Davis sought to offer the new allegation that she was current on her loan payments at the time her car was repossessed.  The district court did not abuse its discretion in concluding that this proposed amendment, which directly contradicted Davis' earlier admission that she was in default at the time of the repossession, was offered in bad faith.  Furthermore, the district court

5

properly found that Davis' remaining proposed amendments lacked factual support and were, accordingly, futile.

## III.

Finally, we consider whether the district court erred in granting summary judgment to Defendants on Davis' battery claim. We review a district court's grant of summary judgment de novo. *Porter v. Clarke*, 923 F.3d 348, 355 (4th Cir. 2019). A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to" the nonmoving party. *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015) (internal quotation marks omitted). A court "cannot weigh the evidence or make credibility determinations." *Id.* at 569. But "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

The district court held that Davis failed to submit evidence of a battery, and that, even if Davis had presented sufficient evidence that a battery occurred, Defendants could not be held vicariously liable for the actions of the repossession agent who allegedly

6

battered Davis.[2]  To raise a genuine issue of material fact as to Defendants' vicarious liability, Davis had to adduce evidence that the repossession agent was Defendants' agent or employee, rather than an independent contractor, and that the repossession agent "was acting within the scope of the employment relationship" when he committed the battery. *S. Mgmt. Corp. v. Taha*, 836 A.2d 627, 638 (Md. 2003).  To establish that the repossession agent acted within the scope of his employment, Davis had to demonstrate that his actions were "in furtherance of the employer's business and authorized by the employer." *Sage Title Grp., LLC v. Roman*, 166 A.3d 1026, 1040 (Md. 2017) (quoting *Barclay v. Briscoe*, 47 A.3d 560, 567-68 (Md. 2012)).

Here, the district court properly found that, even assuming that the repossession agent was Defendants' agent or employee, Davis was unable to establish that the battery was within the scope of the repossession agent's employment.  Accordingly, the court did not err in granting Defendants' motion for summary judgment on Davis' battery claim. Further, we discern no abuse of discretion in the district court's denial of Davis' Rule 59(e) motion to alter or amend the judgment. *See Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 750 (4th Cir. 2018) (setting forth standard of review).

---

[2] We reject Davis' claim that the district court failed to give her adequate notice of the grounds for its decision, in violation of Fed. R. Civ. P. 56(f)(2).  In their motion for summary judgment, Defendants argued that they could not be held vicariously liable for the battery; accordingly, even if she lacked notice that she needed to present evidence that the underlying battery actually occurred, Davis was on notice of the grounds of the court's dispositive ruling.

7

IV.

We therefore affirm the district court's orders denying Davis leave to amend, granting Defendants summary judgment on Davis' battery claim, and denying Davis' Rule 59(e) motion, and we affirm in part the court's order granting TMCC's motion to dismiss, vacate in part, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*